WHEELING PIPE LINE, Inc., A
Delaware Corporation *v.* John A.
EDRINGTON

75-260                                     535 S.W. 2d 225

Opinion delivered April 19, 1976

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Mitchell D. Moore, P.A.,* for appellee.

CARLETON HARRIS, Chief Justice. Appellee, John A. Edrington, brought this action against appellant, Wheeling Pipe Line, Inc., and others to recover for damages that resulted to his cotton crop from the application of a contaminated herbicide. The other defendants, not involved in this appeal, were Monsanto Company, the manufacturer of the herbicide, and Maxwell Oil Company, Inc., its distributor. Appellant transported the herbicide from Monsanto to Maxwell.

The trial court submitted the case to the jury on the theories of breach of warranty (against Maxwell and Monsanto) and negligence (against appellant). The jury returned a verdict for appellant of damages in the amount of $24,-583.00. In answers to special interrogatories, the jury found that Monsanto had been guilty of a breach of warranty, and appellant guilty of negligence; the jury apportioned the responsibility by allocating 50 per cent to Monsanto and 50 per cent to appellant.

Following this verdict the trial court granted Monsanto's motion for judgment *n.o.v.* and entered a judgment against appellant for $24,583.00. On appeal, appellant relies upon one point, *viz.,*

> "It was error for the trial court, after granting the motion for judgment notwithstanding the verdict of Monsanto Company, to then enter a judgment against the remaining defendant, Wheeling Pipe Line, Inc. for the full amount of the damages, rather than 50% of the damages, based upon the answers of the jury to the interrogatories propounded by the court."

It is appellant's position that it cannot be held liable for the full amount for the reason that the jury found against Monsanto for breach of warranty, and against appellant for negligence; accordingly, it is argued that since the two were not joint tortfeasors who were jointly and severally liable for the full judgment, the judgment for the entire amount cannot properly be entered against Wheeling. It is pointed out that under Arkansas law, a breach of warranty has historically

been treated as a matter of contract and not as a matter of tort.

We think appellant has misconstrued the real issue. Edrington established that he was damaged, and he was thus entitled to full damages from someone. Appellant does not question the judgment *n.o.v.* for Monsanto — there is no contention that it should not have been granted. Rather, the only contention is that Wheeling, which the jury had found 50 per cent guilty, should not because of the *n.o.v.* judgment, be required to pay the full 100 per cent of damage found by the jury. When does a court properly grant a judgment *n.o.v.*? Such a judgment can only be granted when the court should have properly directed a verdict for the movant, rather than permitting the issue to go to the jury in the first place. See *Swafford Ice Cream Company* v. *Sealtest*, 252 Ark. 1182, 483 S.W. 2d 202, and cases cited therein. In other words, the actual result of the judgment *n.o.v.* is that Monsanto's purported liability should never have been submitted to the jury. This left only Wheeling as a defendant from whom damages could be recovered. Of course, we have said that a plaintiff can recover from any defendant if his (plaintiff's) negligence was less than 50 per cent. This is even true where there are several joint tortfeasors, though the negligence of the defendant ultimately liable is considerably less than that of the plaintiff himself. *Walton* v. *Tull*, 234 Ark. 882, 356 S.W. 2d 20.

In the case before us, as pointed out, the net result of the *n.o.v.* judgment in behalf of Monsanto was that there was only one defendant, and the question of breach of warranty was completely removed from the case. This left only a case in tort. Appellee (plaintiff) was not guilty of any negligence and accordingly entitled to collect the full amount of his damages from appellant. The jury's apportionment of responsibility between defendants does not affect the joint or several liability of any single defendant for the full amount of the damages; rather, apportionment only affects defendants' rights against each other.

Affirmed.