David E. LAUBACH, Appellee,

v.

Raymond Lee MORGAN and Debra
Martin, Appellants.

No. 48984.

Supreme Court of Oklahoma.

Jan. 18, 1978.

As Corrected Jan. 20, 1978.

As Corrected on Denial of Rehearing
Dec. 21, 1978.

Craig & Gordon by Robert D. Craig and Robert Chase Gordon, Oklahoma City, for appellee.

Haynes & Singerman by Theodore Haynes, Oklahoma City, for appellee, Debra Martin.

Procter, Fleming & Speck by Richard A. Procter, Thomas G. Laughlin, Oklahoma City, for appellant, Raymond Lee Morgan.

DOOLIN, Justice:

This appeal arose out of a suit for damages resulting from a three car collision. The circumstances surrounding the accident itself are immaterial to the appeal. Plaintiff Laubach sued defendants Morgan and Martin. Defendant Martin cross-petitioned against defendant Morgan.[1] The case was tried to a jury under 23 O.S.1975 Supp. §§ 11, 12, Oklahoma's version of comparative negligence. The jury returned a verdict in favor of plaintiff, finding he was damaged in the amount of $4,000.00. The jury apportioned the negligence of the parties in the following manner:

| | |
|---|---|
| Plaintiff's negligence | 30 percent |
| Defendant Martin's negligence | 50 percent |
| Defendant Morgan's negligence | 20 percent |

The trial court entered judgment giving plaintiff recovery against defendants Morgan and Martin in the amount of $4,000.00, reduced by plaintiff's negligence in the amount of 30%, for a total of $2,800.00. Morgan appeals.

Martin also filed a brief as appellant. However, she did not file a petition in error and her brief takes a contrary position to Morgan's. We will therefore consider her as an appellee.

In 1973, the 34th Legislature of the State of Oklahoma enacted comparative negligence statutes (23 O.S.1977 Supp. §§ 11, 12) based on an Arkansas statute[2] which provided for a "modified" comparative negligence system,[3] thereby abolishing the common law doctrine that contributory negligence of a plaintiff will preclude his recovery. The theory of contributory negligence originated in 1809 in England with the case of *Butterfield v. Forrester 11 East 60*, 103 Eng.Rep. 926 (K.B.1809). By *1940*, England had decided the doctrine no longer met present day needs and contributory negligence was abandoned and overruled. At present in the United States, around thirty-three states have adopted, either judicially or by statute, some type of comparative negligence system.[4]

---

1. On Martin's cross-petition, the jury found her damages to be $530.15, 40 percent attributable to her negligence and 60 percent to co-defendant Morgan. This portion of the award is not appealed.

2. 23 O.S.1977 Supp. § 11 provides:
   "Contributory negligence shall not bar recovery of damages for any injury, property damage or death where the negligence of the person injured or killed is of lesser degree than the negligence of any person, firm, or corporation causing such damage.
   In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, contributory negligence shall not prevent a recovery where any negligence of the person so injured, damaged, or killed *is of lesser degree than any negligence of the person, firm, or corporation causing such damage*; provided that where such contributo-

ry negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such contributory negligence. (Emphasis supplied).
   The Arkansas statute, from which this statute was patterned, is virtually identical to Oklahoma's. It has since that time been repealed and replaced by a statute based upon fault. See Ark.Stats. Ann. §§ 27–1763–1765.

3. Under Oklahoma's "modified comparative negligence" system a plaintiff may recover if his negligence is less than the defendant's. Under "pure comparative negligence" a plaintiff is allowed to recover something regardless of the percentage of his fault.

4. See generally Heft and Heft, Comparative Negligence Manual (1971) and 1977 Supp.

Oklahoma's very general comparative negligence statute is admittedly ambiguous in reference to situations involving multiple parties such as we have here. When two or more defendants are involved, its application becomes unclear and the need for definitive guidelines from this court is readily apparent.

The first problem concerns whether a negligent plaintiff will or will not be allowed to recover, under the language of § 11. Is a plaintiff's negligence to be compared with the combined negligence of all defendants, or should it be compared to each defendant's individually? The first issue submitted by Morgan in his appeal is that under our statute, because he was found to be less negligent than plaintiff, there should be no judgment entered against him. In the alternative he suggests he should be responsible only for 20% of the award.

Under Morgan's first theory of comparison of negligence, as the number of defendants increases, the likelihood of a plaintiff's recovery may diminish. For example assume a plaintiff is found to be 40 percent negligent. If only one defendant is involved, plaintiff will recover 60 percent of his damages. If two more defendants are liable and the 60 percent negligence is equally distributed among them, plaintiff would recover nothing because he was more negligent than each defendant. We believe this is an unsatisfactory construction.

Two state courts in decisions cited to us by the parties have come to opposite conclusions. In Wisconsin in the above situation, plaintiff recovers nothing.[5] In Arkansas, he would be entitled to judgment.

In *Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20, 8 A.L.R.3d 708 (1962), the Arkansas Supreme Court interpreted its statute, to allow a plaintiff's negligence to be compared to the *combined* negligence of all defendants. In *Walton* this principle entitled the plaintiff, determined by a jury to be only ten percent negligent, to recover from one of the defendants who was also ten percent negligent. The Arkansas court stated the basic purpose of the comparative negligence statute was to distribute the total damages among those who cause them. It was convinced the Legislature, in enacting comparative negligence did not mean to go any further than to deny a plaintiff recovery, when his negligence was at least 50 percent of the cause of damages.[6] We agree.

We are not unmindful that this interpretation is not of universal acceptance. As indicated above, Wisconsin has come to a different conclusion. We believe the Arkansas approach is the better view. A plaintiff's recovery is not thereby jeopardized by the fact that multiple tortfeasors are involved. Further, if one state adopts a statute from another, it is presumed to adopt the construction placed upon that statute by the highest court of the other state.[7] Accordingly we adopt the rationale of *Walton v. Tull, supra,* and hold, in an action based on comparative negligence, a plaintiff's percentage of negligence is to be compared with the aggregate negligence of all defendants combined, and if the plaintiff is less than 50 percent negligent he shall be entitled to recovery from each negligent defendant. Plaintiff here is entitled to recover from both Morgan and Martin.

This brings us to a second problem involved concerning multiple tortfeasors. Historically, if the negligence of two or more tortfeasors caused a single and indivisible injury, the concurrent tortfeasors would be liable "in solidium," each being

**5.** *Bielski v. Schulze,* 16 Wis.2d 1, 114 N.W.2d 105 (1962).

**6.** Texas, Nevada and Connecticut have expressly provided by statute that multiple defendants are to be treated as a unit for purpose of deciding issue of whether or not a plaintiff committed less or greater degree of negligence than defendants. V. Schwartz, Comparative Negligence § 16.6 pp. 256–260 (1974). Also see

*Krengel v. Midwest Automatic Photo, Inc.,* 295 Minn. 200, 203 N.W.2d 841 (1973) and *Rawson v. Lohsen,* 145 N.J.Super. 71, 366 A.2d 1022 (1976) which follows Wisconsin rule.

**7.** *Baker v. Knott,* 494 P.2d 302 (Okl.1972); *Chesmore v. Chesmore,* 484 P.2d 516 (Okl. 1971).

liable for the total amount of the award, regardless of his percentage of responsibility. Each defendant was jointly and severally liable for the entire amount of damages. This principle of entire liability is of questionable soundness under a comparative system where a jury determines the precise amount of fault attributable to each party.

■ In the present case, under the theory of joint and several liability, plaintiff may collect his entire award from Morgan. The unfairness of this approach is magnified where, as in Oklahoma, no contribution is available among joint tortfeasors.[8] In states where contribution is allowed, by judicial decision or through the Uniform Contribution Among Tortfeasors Act, this inequity is somewhat relieved.[9]

■ Some jurisdictions have taken care of the multiple party problems through various, but by no means uniform, statutory provisions in conjunction with their comparative negligence statutes.[10] Absent specific legislation, this court must augment our statutory scheme to meet the intent and underlying principle of comparative negligence, which is founded on attaching total responsibility to each person whose lack of care contributed to the damages. We therefore must make one of two possible decisions.

1. Allow "comparative contribution" among joint tortfeasors in proportion to the party's negligence.[11]

2. Do away with the "entire liability rule" and provide that multiple tortfeasors are severally liable only, thus each defendant will be liable only for the percentage of the award attributable to him.[12]

We opt for the second solution. This in effect drastically changes the theory of joint-tortfeasors.[13] So be it.

Under the common law system of contributory negligence, a plaintiff who was guilty of even slight negligence, could recover nothing. The law balanced this possible inequity by allowing a plaintiff who was found to be legally "pure" because he was not even slightly negligent, to collect his entire judgment from any defendant who was guilty of "even slight negligence". The adoption of comparative negligence, even in the modified form, gives judgment to any plaintiff whose negligence is less than 50 percent. There is no longer a need to compensate a "pure" plaintiff. By doing away with joint liability a plaintiff will collect his damages from the defendant who is responsible for them.

■ This solution does not affect our rules against contribution which will continue to control when the proportion of negligence attributable to each defendant is not

---

**8.** 12 O.S.1971 § 831 dealing with contracts has not been applied to joint tortfeasors. See *National Trailer Convoy, Inc. v. Oklahoma Turnpike Authority*, 434 P.2d 238 (Okl.1967).

**9.** Arkansas has retained the concept of joint and several liability. See *Walton v. Tull, supra; Wheeling Pipe Line, Inc. v. Edrington*, 535 S.W.2d 225 (Ark.1976). However, Arkansas has adopted a version of the Uniform Contribution Among Tortfeasors Act which allows pro rata contribution. See 9 U.L.A. 235.

**10.** For example Texas adopted its comparative negligence statutes at the same time as Oklahoma, but it provides answers to a variety of issues. The Texas statute provides each defendant is jointly and severally liable for entire amount, except that a defendant whose negligence is less than that of the plaintiff is liable only for that portion of the judgment which represents the percentage of negligence attributable to him. Our statute results in more uncertainty and thus more litigation. See Kee-

ton "Comparative Negligence—the Oklahoma Version." 10 Tul.L.R. 19 (1975).

**11.** This is Wisconsin's solution. See *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105 (Wis. 1962).

**12.** See Fleming, "Comparative Negligence at Last—By Judicial Choice" 64 Cal.L.R. 239 (1976).

**13.** We do not deal here with such problems as imputed or vicarious liability, where negligence of two or more tortfeasors is treated as a unit, so that so far as the comparative negligence doctrine is concerned it is the same as if only one defendant is involved. Neither do we attempt to discuss problems involved when a plaintiff does not sue all those who are potentially responsible for injuries, such as situations involving hit and run.

determined, for example where negligence is imputed. Under our comparative negligence system, a jury sets liability in a precise manner. If a jury is capable of apportioning fault between a plaintiff and defendant, it should be no more difficult for it to allocate fault among several defendants. Holding a defendant tortfeasor, who is only 20 percent at fault, liable for entire amount of damages is obviously inconsistent with the equitable principles of comparative negligence as enacted by the Legislature. We should allow a jury to apportion fault as it sees fit. Joint and several liability then will only exist where, for some reason, damages cannot be apportioned by the jury. By abrogating joint liability, a simple general verdict between plaintiff and each defendant may be made.[14] In this situation no problem of contribution arises, because no defendant has a basis upon which to seek contribution from a co-defendant.

It is argued this could work a hardship on a plaintiff if one co-defendant is insolvent. But the specter of the judgment-proof wrongdoer is always with us, whether there is one defendant or many. We decline to turn a policy decision on an apparition. There is no solution that would not work an inequity on either the plaintiff or a defendant in some conceivable situation where one wrongdoer is insolvent.

An examination of the law of other jurisdictions shows no two statutory or judicial schemes to be identical or even similar to ours.[15] There appears to be no pattern related to the consequences of the elimination of the bar of contributory negligence upon the question of joint versus several liability of co-defendants. We call your attention to an appellate California decision on this subject, *American Motorcycle Association v. Superior Court*, 65 Cal.App.3d 694, 135 Cal.Rptr. 497 (1977). Although the decision in this case was recently overruled[16]

its rationale is very persuasive. Further the appendix to that decision is an exhaustive compilation as to each jurisdiction's treatment of multiple tortfeasors under its comparative negligence system.

■ Our comparative negligence statutes are incomplete both in scope and detail as to how it should be applied to multiple parties. The underlying principle of comparative negligence is founded on attaching liability in direct proportion to the respective fault of each person whose negligence caused the damage. The logical extension of this doctrine would apply it as among multiple tortfeasors as well as between plaintiff and defendant. If liability attaches to each tortfeasor in proportion to his comparative fault, there will be no need for added litigation by defendants seeking contribution. The adoption of the theory of comparative fault satisfies the need to apportion liability without invading the Legislature's power to grant contribution. "The only completely satisfactory method of dealing with the situation is to bring all parties into court in a single action to determine the damages sustained by each, and to require that each bear a proportion of the total loss according to his fault." [17]

We therefore REVERSE and REMAND the proceeding to trial court with directions to enter judgment against each defendant in accordance with his degree of negligence as found by the jury, Martin for 50% and Morgan 20% of total damages of $4,000.00.

WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, C.J., and LAVENDER, V.C.J., dissent.

Rehearing denied.

WILLIAMS, IRWIN, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

HODGES, C.J., and LAVENDER, V.C.J., dissent.

**14.** See "Contribution Act Construed—Should Joint and Several Liability Have Been Considered First?" 30 U.Miami L.R. 747 (1976).

**15.** See annotations at 8 A.L.R.3d 722 and 53 A.L.R.3d 184.

**16.** *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978).

**17.** Prosser "Comparative Negligence" 51 Mich. L.R. 465 (1953).