[Civ. No. 56066. Second Dist., Div. One. July 31, 1979.]

INTERNATIONAL HARVESTER COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SEARS, ROEBUCK & COMPANY et al,, Real Parties in Interest.

## COUNSEL

Harrington, Foxx, Dubrow & Canter and Peter Abrahams for Petitioner.

No appearance for Respondent.

Stearns & Nelson and Rolf F. Teuber for Real Parties in Interest.

## OPINION

**THOMPSON, J.**—In this petition for a writ of mandate, International Harvester Company (International) seeks to overturn a trial court ruling denying its motion to dismiss or abate for inconvenience of forum a cross-complaint filed by Sears, Roebuck & Company (Sears) to enforce *American Motorcycle Association* equitable indemnity against International. We conclude that the California state interest inherent in encouraging settlements with injured plaintiffs, the national character of the parties, the long pendency of the action in California at the choice of a plaintiff who is not a party to this motion, the nature of proof that will be involved in trial of the indemnity issue, and severe problems of choice of law applicable to the substance of Sears' claim, in combination support the trial court's order. We, therefore, deny International's petition for peremptory writ.

The wife and children of George A. Nairn sued Sears, Roebuck & Company and Armstrong Rubber Company (Armstrong) for Nairn's wrongful death. They alleged in their complaint that a tire manufactured by Armstrong and distributed by Sears failed, causing a truck driven by Nairn to crash. International Transport, Inc., the owner of the truck, sued the same defendants for property damage. Sears and Armstrong filed a cross-complaint against International Harvester Company, the manufacturer of the truck. The cross-complaint asserts that the accident was caused by defects in the truck and by International's negligent manufacture of it. The cross-pleading seeks equitable indemnity from International.

The trial court granted International's motion for judgment on the pleadings, thus dismissing the cross-complaint. Sears and Armstrong appealed from the order of dismissal. While the appeal was pending,

Sears and Armstrong settled their liability with the plaintiffs. In *Sears, Roebuck & Co.* v. *International Harvester Co.* (1978) 82 Cal.App.3d 492 [147 Cal.Rptr. 262], we held: (1) the principles of *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], enunciated by the high court after the dismissal of the Sears and Armstrong cross-complaint, validated the pleading's causes of action for proportionate indemnity; and (2) the policy underpinning of *American Motorcycle* dictated that Sears and Armstrong should retain their right to pursue indemnity by cross-complaint despite their settlement with the original plaintiff. We therefore reversed the judgment dismissing the cross-complaint.

After the remittitur was filed and the lawsuit on the cross-complaint revived, International moved to dismiss or abate proceedings on the cross-complaint on the theory of forum non conveniens. By its motion, International contended that the cause of action encompassed in the Sears cross-complaint should be pursued in Kansas; International offered to waive the Kansas statute of limitations.

In support of its motion, International presented declarations establishing that the accident which resulted in the death of Mr. Nairn occurred in Kansas, all witnesses to the accident and cause of death are in Kansas, the primary physical evidence in the form of the damaged truck is located there and cannot conveniently be shipped to California, and none of the parties to the cross-complaint are California corporations although they all do business here. Sears and Armstrong resisted the motion and, in support of their opposition, established by declarations that there were no percipient witnesses to the accident, that extensive photographs of the accident scene and the truck had been taken and preserved by the Kansas state police, that there is nothing about the scene of the accident which could have contributed to it, that the issues involved in the cross-complaint will be determined by expert testimony, that Mr. Nairn was a resident of California as are the plaintiffs who sued for his wrongful death, and that the truck and tires were purchased and primarily serviced in California.[1]

The trial court denied International's petition. International sought review of the trial court's order by petition to this court seeking a writ of

---

[1]Sears and Armstrong also claimed that the International motion is untimely and barred by laches. While Sears and Armstrong preserve that argument in their respondents' brief, our decision on the merits renders it irrelevant.

mandate. Concluding that International could raise the issue of denial of its motion on appeal (*A & M Records, Inc.* v. *Heilman* (1977) 75 Cal.App.3d 554, 562, fn. 7 [142 Cal.Rptr. 390]), that statutory mandate per Code of Civil Procedure section 410.30, subdivision (b), was unavailable (1 Witkin, Cal. Procedure (2d ed. 1979 supp.) Jurisdiction, § 260, p. 362), and that the record did not disclose such an abuse of discretion as to constitute conduct in excess of jurisdiction so as to support a petition for traditional mandate pursuant to Code of Civil Procedure section 1085, we denied an alternative writ. International sought hearing in the Supreme Court. The high court ordered that we issue an alternative writ. We did so.

The Supreme Court's order is not accompanied by a statement of reasons or citation of authority. While remaining in the posture of considerable doubt that the matter at bench is appropriate for review by extraordinary writ, we nevertheless take the hint and consider the matter on the merits.

Code of Civil Procedure section 410.30 states in subdivision (a): "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." ■ Section 410.30 codifies the general principles of forum non conveniens. (*Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105, 109-110 [90 Cal.Rptr. 461].) Application of the doctrine is a matter of trial court discretion; denial of a motion to dismiss or abate for absence of a convenient forum will not be overturned on appeal unless the "balance weighs strongly" in favor of the moving party. (*Id.,* at p. 110.)

The following factors are primary ones which must be weighed by the court ruling upon the motion:

The amenability of the defendant to personal jurisdiction in an alternative forum.

The relative convenience to the parties and witnesses of trial in the alternative forum.

The differences in conflict of law rules applicable in California and in the alternative forum.

The principal place of business of the defendant.

The extent to which the cause of action arose out of events related to California.

The extent to which any party will be substantially disadvantaged by a trial in California as contrasted with trial in the forum suggested by the moving party.

Relative enforceability of judgments rendered in California or the alternative forum.

Relative inconvenience to witnesses of proceeding in California or the alternative forum.

Relative expense to the parties of proceeding in California or the alternative forum.

The significance of a view of physical evidence not conveniently movable from the alternative forum.

The extent to which pursuit of the action in California places a burden upon the state judicial resources which is disproportionate to the relationship of the parties or cause of action to California.

The extent to which the relationship of the moving party to California obligates him to participate in judicial proceedings in this state.

The interest of California in providing a forum for some or all of the parties.

The California public interest in the litigation.

The avoidance of multiplicity of actions and inconsistent adjudications.

The relative ease of access to sources of proof.

The availability of process to secure the compulsory attendance of witnesses in California as contrasted with the alternative forum.

The relative advantages and obstacles to a fair trial in California and the alternative forum.

The burden upon jurors, local courts, and taxpayers of a jurisdiction having little relation to the subject of the litigation.

The difficulties and inconveniences to the moving party, to the court, and to jurors incident to the presentation of evidence by deposition.

The availability of the suggested alternative forum. (*Great Northern Ry. Co.* v. *Superior Court, supra,* 12 Cal.App.3d 105, 113-114; *Henderson* v. *Superior Court* (1978) 77 Cal.App.3d 583, 595-597 [142 Cal.Rptr. 478].)

 Those factors, when considered in the context of the record in the case at bar, do not weigh so heavily in favor of establishing inconvenience of the California forum as to compel trial court action granting the motion of International to dismiss or abate proceedings on the Sears cross-complaint.

Unquestionably, some of the factors indicate that the California forum is inconvenient. Sears is subject to the jurisdiction of Kansas, the alternative forum. Trial in Kansas is somewhat more convenient to witnesses and avoids the use of depositions necessary to lay the foundation for photographs of the accident scene and the truck where the witnesses to the foundational facts are beyond the reach of California process. Trial in Kansas would permit a jury view of the scene and of the damaged truck. Kansas is an available forum in light of International's agreement to waive its statute of limitations. Some of the factors in favor of the Kansas forum are, however, only marginally so. The witnesses beyond the reach of California process whose depositions will be used in evidence in a California trial are not percipient witnesses to the accident itself; their testimony is required only to lay a foundation for photographs which will be the predicate for expert testimony reconstructing the accident's cause. Lack of a jury view of an unremarkable accident scene or of the truck is a slight impediment to fact finding where there are contemporaneous extensive photographs of the scene, there has been a long passage of time which renders the photographs at least as reliable as a time of trial view, and expert witness testimony will be determinative.

Other factors are neutral. Sears, Armstrong, and International are all business enterprises nationwide in scope. There will be no greater inconvenience to expert witnesses, the bulk of those who will be called, to a trial in California rather than in Kansas. There is no showing that the expense of the action to the parties will be greater in either California or Kansas. There is no indication that a fair trial is more likely in one state than another. No problems of enforceability of judgment are present.

While the showing in support of the inconvenience of the California forum is slight, the showing of the appropriateness of the forum is very great indeed.

Differences in state rules of choice of law in Kansas and California may result in diametrically opposed disposition of the cause of action asserted in the Sears cross-complaint.

Kansas remains one of those states that continues to apply the concept of the situs of injury as controlling the choice of applicable law. (*McDaniel* v. *Sinn* (1965) 194 Kan. 625 [400 P.2d 1018, 1020-1021]; see also *Forsyth* v. *Cessna Aircraft Company* (9th Cir. 1975) 520 F.2d 608, 612.) Thus, if the Kansas choice of law rule is applied, Kansas law may determine the outcome of the action.[2] In 1967, California abandoned the choice of law rule still followed in Kansas. Since *Reich* v. *Purcell* (1967) 67 Cal.2d 551, 554 [63 Cal.Rptr. 31, 432 P.2d 727], this state has been committed to the principle of governmental interest analysis to determine choice of law in tort matters. (See *Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579-580 [114 Cal.Rptr. 106, 522 P.2d 666].) ■ Interest analysis mandates application of California law to the case at bar. Kansas has no substantial governmental interest in the application of its law of torts to determine the right to indemnity of two national corporations not headquartered in Kansas from another similarly situated concern for injury occasioned to a California resident by a defective product not shown to have been manufactured or sold in Kansas. Conversely, California has a significant interest in the compensation for damage to California residents caused by defective products sold in the state and in the administration of a system of indemnity designed to promote that end by encouraging settlement. (*American Motorcycle Assn.* v. *Superior Court,*

[2] We do not say that the Kansas courts would necessarily reach this conclusion. The substantial possibility that they might is enough to illuminate the signficance of differences in choice of law rules to the issue of appropriateness of the California forum.

*supra,* 20 Cal.3d 578, 603-604; *Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492, 496.)

█ The substantive law of Kansas and California is quite different as relevant to the case at bar. California has accommodated its adoption of comparative fault to apportionment of liability of concurrent tortfeasors by retaining the rule of their joint liability to the injured person while judicially creating a right of proportionate indemnity among the concurrent tortfeasors. (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578.) Kansas has opted to accomplish the accommodation by abrogating the rule of joint liability so that the obligation of each concurrent tortfeasor is determined separately in proportion to his fault. (Kan. Stat. Ann. § 60-258a, subd. (d).)

There is thus at least an open question whether under Kansas law Sears and Armstrong have any right of indemnity from International. If they do not, the difference in applicable substantive law virtually dictates trial in California. Sears and Armstrong, after all, are involuntary participants in the play. They are involved in the action because they were named as defendants by plaintiffs, California residents. If Kansas law does not preclude the cross-complaint, it is because the rights asserted by Sears and Armstrong arose out of their California obligation to the plaintiffs, and their California right to indemnity arises from the obligation. That situation also speaks loudly for trial of the issue in California in light of the fact that Sears and Armstrong are involuntary participants in a California proceeding out of which the indemnity arises.

California, moreover, has a very substantial interest in retaining the proceeding in the state after the California resident plaintiffs have been removed from it by settlement, and in providing a forum for the remaining parties. The principal underpinnings of the California scheme of retention of joint liability of concurrent tortfeasors with an accompanying plan of proportionate indemnity among them are: (1) the maximization of loss shift from the injured person to others and hence also the shift of the risk of insolvency of a tortfeasor from the injured person to a concurrent tortfeasor; (2) the encouragement of settlement of the injured person's claim; and (3) equitable apportionment of liability among concurrent tortfeasors where all can respond in damages. (*Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492, 496.) A process by which settlement by a plaintiff of an action filed in California with one of several concurrent tortfeasors renders the California forum,

which was appropriate for the resolution of the plaintiff's claim, inappropriate for determination of the issues of indemnity among the concurrent tortfeasors runs counter to the expressed policy. It could significantly discourage rather than encourage settlement with the injured person. A concurrent tortfeasor faced with a settlement offer would necessarily be forced to weigh the relative risk of continued litigation with the plaintiff against the increased difficulty of securing indemnity from a concurrent tortfeasor, cross-defendant, by commencing a new action in a different state. The process makes more difficult of attainment the California policy of equitable apportionment of liability among the concurrent tortfeasors.

There will be a disadvantage to Sears and Armstrong if they are required to proceed by way of a new action filed in Kansas and no corresponding disadvantage to International if the lawsuit continues to run its course in California. The matter has been in litigation in this state for some time. Sears and Armstrong have prepared their position in the context of California procedure. Because the issues raised by the cross-complaint are those which will be determined primarily by expert testimony, and because International has not established any significant difference in the quantum of its management activity in California and Kansas, no advantage to International from proceeding in Kansas (apart from the Kansas choice of law and substantive principles) is apparent from the record.

The burden upon the California judicial system incident to continuation of the proceedings on the cross-complaint in this state is not unfair or disproportionate; placing the burden in Kansas would be.

There are two very disparate methods of applying a system of comparative fault founded on apportioning loss shifting to degree of culpability to the multiple party situation involving concurrent tortfeasors. One, that adopted by the Supreme Court of California in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578, retains the precomparative fault principle of joint liability of the tortfeasors but accompanies it with a rule of comparative indemnity to spread the loss paid to the plaintiff among the tortfeasors. The other, that adopted by Kansas (Kan. Stat. Ann. § 60-258a, subd. (d)) applies apportionment of fault across the board by accompanying a scheme of comparative fault with a rule of several liability of concurrent tortfeasors to the plaintiff in proportion to the fault of each. (See *Laubach* v. *Morgan* (Okla. 1978) 588

P.2d 1071, 1074.)[3] The first, and California, approach emphasizes protection of the particular injured party from the risk that one of those contributing to his injury is insolvent at the expense of greatly complicating the process of resolving or adjudicating multiparty tort matters with a consequent increase in the total cost incident to the process. (*Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492, 497.) The second, and Kansas, approach treats the transactional cost of resolving disputes concerning tort liability of primary significance so that less of the total resources available to compensate victims of injury-causing activity in general is dissipated in the dispute resolution process and consequently more is available to victim compensation. (See *id.*)

California has voluntarily assumed the burden upon parties, counsel, and the courts incident to its system. It has done so because of a policy choice favoring protection of the injured party from the risk of a defendant's insolvency. There is no unfairness in leaving the litigation burden of the highly complex system with California where that choice has been made. There is, however, a significant unfairness in thrusting the burden upon Kansas where the policy choice has been to the contrary.

Sears, Armstrong, and International all have significant contact with California with respect to the underlying transaction. All dealt in products alleged to be defective which gave rise to the plaintiffs' lawsuit. The products entered California, in a deliberate stream of commerce and were sold here.

No multiplicity of actions will result from adjudication of the cross-complaint in California. A judgment upon it will be enforceable by one party against the other without further action.

We thus conclude that the record does not establish that the balance weighs heavily in favor of International's position that the California

---

[3]We take some small satisfaction from the fact that the Oklahoma Supreme Court, while rejecting the opinion of the California Supreme Court in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578, also found our vacated opinion in that case reported in 135 Cal.Rptr. 497 to be "very persuasive." (*Laubach* v. *Morgan, supra,* 588 P.2d 1071, 1075.) Apparently our effort, while panned in Baghdad by the Bay, has received a good review in what in the "City" is the sticks.

forum is so inconvenient that proceedings upon Sears' cross-complaint must be abated or dismissed. The balance is the other way.

The alternative writ is discharged. Petitioner's petition for peremptory writ is denied.

Lillie, Acting P. J., and Hanson, J., concurred.