OSCN Found Document:RICHARDS v. FOREMOST INSURANCE CO. et al. v. BROWN & SON MOBILE HOME SVC, LLC et al.

 

 
 RICHARDS v. FOREMOST INSURANCE CO. et al. v. BROWN & SON MOBILE HOME SVC, LLC et al.2026 OK 52Case Number: 121293Decided: 06/24/2026SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 52, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

BILL RICHARDS and JOAN RICHARDS, Plaintiffs,
v.
FOREMOST INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, and MICHELLE SCHAEFER, Defendants,
MICHELLE SCHAEFER, Third-Party Plaintiff/Appellant,
v.
BROWN & SON MOBILE HOME SERVICE LLC, an Oklahoma Limited Liability Company, and JASON GASTON d/b/a JG MOBILE HOME SERVICE, an individual, Third-Party Defendants/Appellees

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION IV, APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA, HONORABLE ALETIA HAYNES TIMMONS

¶0 Plaintiffs' mobile home was damaged during unsuccessful attempts to transport it to a new location. After submitting a claim, Plaintiffs' insurers denied coverage based on policy exclusions for transport-related damage. Plaintiffs sued their insurers and insurance agent, alleging the agent had either intentionally or negligently assured them that their existing policies covered the move. Plaintiffs did not sue the transport companies who allegedly caused the physical damage to the mobile home. Agent filed a third-party claim seeking contribution from the transport companies. After the Plaintiffs settled and dismissed their claims, one of the transport companies moved for summary judgment. The motion argued that Oklahoma's 2011 amendment to 23 O.S. § 15

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS DECISION VACATED; TRIAL COURT AFFIRMED ON OTHER GROUNDS.

STEVEN E. HOLDEN , CALEB MCKEE, ROBERT APPLEGATE, TULSA, OK, ATTORNEYS FOR APPELLANT MICHELLE SCHAEFER

JASON L. GLASS , JASON A. MCVICKER, TULSA, OK, ATTORNEYS FOR APPELLEE BROWN & SON MOBILE HOME SERVICE, LLC

FACTS AND PROCEDURAL HISTORY

GURICH, J. 

¶1 This controversy arises from a contract for services between Bill and Joan Richards and Brown & Son. The Richardses' daughter, Felicia Goodland, initially contacted Brown & Son to arrange for the relocation of her parents' mobile home to a newly acquired property. On behalf of the company, Travis Brown agreed to undertake the move. Shortly thereafter, on April 7, 2019, Mr. Brown advised the Richardses that his truck had become inoperable. He nevertheless arranged for another driver, Jason Gaston, to complete the transport. Brown & Son remained the general contractor and agreed to compensate Gaston $750 for his work as a subcontractor. The company also assumed responsibility for preparing the structure for transit, including installation of the wheel assembly beneath the home. Before the scheduled relocation, neither the Richardses nor Goodland had communicated with Gaston or been informed that he would conduct the move.

¶2 Prior to departure, Gaston recommended placing plywood beneath the wheels to prevent them from sinking into the sandy subgrade. Representatives of Brown & Son present at the site concluded such measures were unnecessary. Gaston proceeded with the tow, but the wheels became embedded in the soil. During attempts to free the undercarriage, the mobile home sustained substantial damage.

¶3 In advance of the move, the Richardses consulted their insurance agent, Michelle Schaefer, regarding the adequacy of their coverage and whether a rider was required to insure against transportation-related loss. According to the Richardses, Schaefer assured them on two separate occasions that their existing policies were sufficient. When they later submitted a claim, however, their insurers denied coverage, citing policy exclusions for damage incurred during transit. The Richardses subsequently filed suit against Foremost Insurance Company, Farmers Insurance Exchange, and Schaefer. They alleged breach of contract and bad faith against the insurers. As to Schaefer, the petition was less precisely framed, but asserted claims based on her role as an agent of the insurers and the Richardses' detrimental reliance upon her material representations, which they contended resulted in multiple categories of loss. 

¶4 Schaefer thereafter instituted a third-party action against Brown & Son and Gaston, asserting that any personal liability imposed upon her would give rise to claims for indemnity and contribution. Brown & Son moved to bifurcate the proceedings, contending that Schaefer's liability must first be established before any derivative claims could be adjudicated. The district court granted the request.

¶5 Following settlement with the insurers and Schaefer, the Richardses dismissed their action with prejudice. Brown & Son then moved for summary judgment on Schaefer's third-party claims, advancing two principal arguments: first, that Schaefer was not the real party in interest to pursue recovery for property damage under the policies; and second, that her remaining claims for contribution and indemnity failed as a matter of law. As authority, Brown & Son pointed to the Legislature's 2011 amendment to 23 O.S. § 15

¶6 Schaefer appealed and the matter was assigned to the Court of Civil Appeals. The COCA concluded that the 2011 amendment to 23 O.S. § 1512 O.S. § 832

STANDARD OF REVIEW

¶7 Summary adjudication presents a question of law subject to de novo review. Wood v. Mercedes-Benz of Oklahoma City, 2014 OK 68336 P.3d 457Harmon v. Cradduck, 2012 OK 80286 P.3d 64312 O.S.2021, § 2056see also H2K Tech., Inc. v. WSP USA, Inc., 2021 OK 59503 P.3d 1177Tiger v. Verdigris Valley Elec. Coop., 2016 OK 74410 P.3d 1007

ANALYSIS

¶8 At common law, concurrent tortfeasors whose conduct combined to produce a single, indivisible injury were generally subject to joint and several liability. Laubach v. Morgan, 1978 OK 5588 P.2d 1071

¶9 In 1973, the Oklahoma Legislature adopted comparative negligence, replacing the common-law doctrine of contributory negligence. Laubach that imposing the entire loss upon a single tortfeasor was "of questionable soundness under a comparative system where a jury determines the precise amount of fault attributable to each party." Laubach, ¶ 11, 588 P.2d at 1074. In response to those concerns, the Court concluded that where comparative fault is allocated among multiple tortfeasors, each negligent actor should generally bear responsibility for his or her own proportionate share of the loss.

¶10 Shortly thereafter, the Legislature enacted 12 O.S. § 83212 O.S. § 832

¶11 The principal issue presented below was whether the Legislature's 2011 amendment to Oklahoma's several liability statute, 23 O.S. § 1512 O.S. § 83212 O.S. § 832

¶12 Review of a judgment on appeal is concerned primarily with the correctness of a lower court judgment, not the reasoning employed to achieve that outcome. A judgment may be affirmed when the trial court reaches the correct result, notwithstanding reliance upon an erroneous legal theory. Matter of Est. of Foresee, 2020 OK 88475 P.3d 862Hall v. GEO Grp., Inc., 2014 OK 22324 P.3d 399Matter of Est. of Bartlett, 1984 OK 9680 P.2d 369

Statutory requirement of same injury and common liability

¶13 Contribution under Section 832 is not automatic whenever two actors are negligent in a chain of events. The statute requires that the parties be "jointly or severally liable in tort for the same injury to person or property or for the same wrongful death." 12 O.S. § 832See In re Jones, 804 F.2d 1133, 1142 (10th Cir. 1996) (acknowledging that "[t]he Uniform Act does not require that multiple tortfeasors be liable under the same theories of recovery."); N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc., 511 F.Supp.2d 1099, 1104--05 (E.D. Okla. 2007) (stating, "Oklahoma's contribution statute does not require that multiple tortfeasors be liable under the same legal theory," only liable in tort for the same injury). Rather, the proper query is whether the parties share potential liability for the same legally cognizable injury. It is therefore necessary to examine the nature of the Richardses' injuries allegedly caused by Brown & Son and Schaefer.

¶14 The Richardses did not assert claims against Brown & Son; their petition named only their insurers and Schaefer. Against Schaefer, they alleged misrepresentation and detrimental reliance concerning the adequacy of coverage. Those claims sought damages for physical and emotional distress, as well as financial losses arising from Schaefer's misrepresentations about insurance protection and the resulting absence of such protection. By contrast, any liability of Brown & Son would arise from its alleged negligence in transporting the mobile home, resulting in physical damage to the structure. The injuries arising out of each claim are separate in both legal theory and measure of damages. Furthermore, Brown & Son would not be legally responsible for damages directly relating to policy benefits, or damages associated with Schaefer's failure to ensure coverage on behalf of the Richardses. Likewise, Schaefer bears no direct responsibility for physical damage to the Richardses' mobile home caused by Brown & Son. The fact that both alleged wrongs relate, in a broad causal sense, to the same underlying event does not transform them into the same injury. Section 832 requires shared legal responsibility for the identical harm--not merely sequential or factually connected wrongdoing.

¶15 The Court has identified one decision presenting closely analogous circumstances and offering persuasive guidance. See e.g., Kaufman v. P&G Brokerage, Inc., 82 Misc.3d 887, 209 N.Y.S.3d 270 (N.Y.S.3d 2024). In Kaufman v. P&G Brokerage, Inc., a property owner obtained insurance through a broker, Id. at 273--74. The broker inaccurately represented information material to coverage, and after the property was damaged by fire, the insurer denied the claim based on that misrepresentation. Id. at 274--75. The owner sued the broker for negligence and breach of contract. In turn, the broker sought contribution from parties allegedly responsible for the fire. Id. at 275. The trial court granted summary judgment to the third-party defendants. In doing so, the court emphasized that contribution requires liability for the same injury and that "the governing inquiry is not the theory of liability, but whether the parties are liable to the same person for the same harm." Id. at 284. Although the fire precipitated the loss, the court concluded the injuries were distinct: the alleged tortfeasors were responsible for the property damage, while the broker's conduct caused the loss of insurance coverage. Id. at 286. Because the injuries were not the same, contribution was unavailable. Id. at 286--87; see also Huff v. Harbaugh, 435 A.2d 108, 111--12 (Md. Ct. App. 1981). 

¶16 The parallels to the present case are evident. As in Kaufman, the underlying physical damage (there, a fire; here, damage to the mobile home during transport) is analytically distinct from the injury flowing from alleged tortious conduct by the agent/broker. Schaefer's alleged misrepresentations concern the existence and adequacy of coverage and give rise to damages associated with the loss of insurance protection and the handling of the claim. Brown & Son's alleged negligence, by contrast, concerns only the physical condition of the property. As Kaufman makes clear, the fact that one event exposes the consequences of another does not collapse these harms into a single, indivisible injury. Thus, under the circumstances presented here, the parties are not responsible for the same injury for purposes of Section 832(A). Because those injuries are independent, they do not satisfy the statutory requirement of liability for the "same injury," and the right of contribution is unavailable.

CONCLUSION

¶17 Summary judgment was properly granted. The record establishes that Brown & Son and Schaefer have each caused distinct injuries to the Richardses. Further, each harm arose from separate and distinct tortious conduct, rather than a single, indivisible harm. Because contribution requires liability for the same injury, an essential predicate is absent under these facts.

¶18 The opinion of the Court of Civil Appeals is vacated, and the district court judgment below is affirmed.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS DECISION VACATED; TRIAL COURT AFFIRMED ON OTHER GROUNDS.

Rowe, C.J., Kuehn, V.C.J., Edmondson, Combs, Gurich, Darby, and Kane, JJ., concur

Jett, J. (by separate writing) concurs in result

Winchester, J., dissents

FOOTNOTES

23 O.S. § 15

A. Except as provided in subsection B of this section, in any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor.

B. A defendant shall be jointly and severally liable for the damages recoverable by the plaintiff if the percentage of responsibility attributed to the defendant with respect to a cause of action is greater than fifty percent (50%). If at the time the incident which gave rise to the cause of action occurred, a joint tortfeasor acted with willful and wanton conduct or with reckless disregard of the consequences of the conduct and such conduct proximately caused the damages legally recoverable by the plaintiff, the liability for damages shall be joint and several as to any such tortfeasor.

C. This section shall not apply to actions brought by or on behalf of the state.

D. The provisions of this section shall apply to all civil actions based on fault and not arising out of contract that accrue on or after November 1, 2009.

In 2011, the Legislature amended Section 15 as follows:

A. In any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor.

B. This section shall not apply to actions brought by or on behalf of the state.

C. The provisions of this section shall apply to all civil actions based on fault and not arising out of contract that accrue on or after November 1, 2011.

12 O.S. § 832

A. When two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them except as provided in this section.

B. The right of contribution exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share. No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability.

C. There is no right of contribution in favor of any tort-feasor who has intentionally caused or contributed to the injury or wrongful death.

D. A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable.

E. A liability insurer which by payment has discharged, in full or in part, the liability of a tort-feasor and has thereby discharged in full its obligation as insurer, is subrogated to the tort-feasor's right of contribution to the extent of the amount it has paid in excess of the tort-feasor's pro rata share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship.

F. This act does not impair any right of indemnity under existing law. When one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of the indemnity obligation.

G. This act shall not apply to breaches of trust or of other fiduciary obligation.

H. When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any other tort-feasor from liability for the injury or wrongful death unless the other tort-feasor is specifically named; but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater; and

2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

of the common liability. 12 O.S. § 832

Kaufman involved an insurance broker rather than an agent, the distinction does not alter the analysis. The dispositive consideration is the nature of the alleged wrongdoing and resulting injury, not the intermediary's formal designation. Whether styled as broker or agent, liability in this context arises from the failure to procure or accurately represent insurance coverage. Both agents and brokers are under a duty to exercise reasonable diligence and skill in obtaining/maintaining insurance coverage. See DeWees v. Cedarbaum, 1963 OK 54381 P.2d 830procedural elements of case superseded by statute as recognized in Blackwelder v. Naylor, 1967 OK 222439 P.2d 202

Except as provided in sections 15-108 and 18-201 of the general obligations law, sections eleven and twenty-nine of the workers' compensation law, or the workers' compensation law of any other state or the federal government, two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

N.Y. C.P.L.R. § 1401 (McKinney 1996).

Id. at 286.

In the present case the appellant alleges that the "same injury" test is met because RKO, Ditto and the appellant were all sued in negligence based upon fire damage to the appellees' building. A closer look at the cause of action against the appellant reveals that its premise is not the fire damage to the building, but rather a breach of promise to secure fire insurance. Appellant's actions are related to RKO's only by the fact that were it not for the negligence of RKO and the resultant fire, the appellant's failure to procure the insurance would not have been brought to issue. Thus, it would be more accurate to categorize the injuries caused by appellant and RKO as "related" rather than the "same."

Additionally, it appears that the appellant's liability was not based on tort law, per se, but on the product of the union of tort and contract law.

* * *

. . .The trial judge concluded on the basis of all the evidence that "Bill Huff (appellant) is liable to Charles Harbaugh and sons (appellees) by breach of his agreement with Harbaugh to provide $30,000 insurance coverage against loss by fire by negligently failing to procure that insurance to protect his principal." We agree with this conclusion. The appellant was clearly negligent in the manner in which he behaved with respect to the agreement; however, the essential nature of his behavior remains the breach of contract with the appellees.

Huff, 435 A.2d at 112 (citation omitted & quotations in original & emphasis added).

JETT, J., concurring in result:

¶1 Oklahoma's version of the Uniform Contribution Among Tortfeasors Act provides for a right of contribution among two or more persons jointly or severally liable in tort. 12 O.S. § 832only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share." Id. § 832(B) (emphasis added). "No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability." Id.

¶2 The scheme set forth in 12 O.S. § 83223 O.S. § 15Id. Over the past 15 years, this Court has not directly addressed the viability of 12 O.S. § 832Loos v. Saint-Gobain Abrasives, Inc., 2016 WL 5017335, at *6 (W.D. Okla. Sep. 19, 2016); see also O'Dell v. Baker, 2023 WL 2597888, at *2 (E.D. Okla. Mar. 22, 2023); Njuguna v. C.R. England, Inc., 2022 WL 264551, at *3 (W.D. Okla. Jan. 27, 2022); AMC West Housing LP v. NIBCO, Inc., 2021 WL 4302246, at *3 (W.D. Okla. Sep. 21, 2021). In my view, they are correct.

¶3 In Loos, Judge David Russell of the United States Court for the Western District of Oklahoma analyzed the legal viability of a claim for contribution under a negligence theory. 2016 WL 5017335, at *5--6. There the court determined that 23 O.S. § 15Id. at *6. This effectively forecloses payment in excess of a tortfeasor's pro rata share and renders contribution inappropriate. Id.; see also Restatement (Third) of Torts: Apportionment of Liab. § 11 (2000) ("When all defendants are severally liable, each one is separately liable for that portion of the plaintiff's damages. Since overlapping liability cannot occur, severally liable defendants will not have any right to assert a contribution claim."). Notably, Judge Russell granted summary judgment dismissing the contribution claim before proportional fault had been allocated in a final judgment.

¶4 In this case, Schaefer settled her share of damages. Although a trial court has not determined comparative fault, under our current law Schaefer cannot be liable for more than her pro rata share. As noted in the Court of Civil Appeals' opinion in this case, any amount Schaefer paid beyond her pro rata share was gratuitous. Richards v. Foremost Ins. Co., No. 121,293, slip op. at 6 (Okla. Civ. App. Oct. 11, 2024). A defendant can settle a case for any amount they deem advisable, but according to 23 O.S. § 15

* * *

¶5 While I concur that the majority reached the correct result, I respectfully disagree that it is necessary to determine whether common liability exists. According to 23 O.S. § 1512 O.S. § 832Id. § 832(B).