Judy Ann **FULLER**, Appellee,

v.

**Steven Paul ODOM and The City of Tulsa, Appellants.**

No. 65918.

Supreme Court of Oklahoma.

July 14, 1987.

Neal E. McNeill, City Atty., and Martha Rupp Carter, Asst. City Atty., for appellants.

Donald E. Smolen, Tulsa, for appellee.

Diane Pedicord, Oklahoma City, for amicus curiae.

KAUGER, Justice.

The only issue presented is whether the Political Subdivision Tort Claims Act (Act), 51 O.S.Supp.1984 § 154(E), which limits the liability of a political subdivision to the percentage of total damages corresponding to its percentage of negligence, supersedes the general common law rule governing joint and several liability. We find that the Political Subdivision Tort Claims Act abrogated the common law rule governing joint and several liability insofar as it relates to political subdivisions; that entities covered by the Act are severally liable in tort for the percentage of total damages corresponding to their percentage of total negligence; and that recovery under the Act is limited to the percentage of negligence attributable to a governmental tortfeasor.

The appellee, Judy Ann Fuller, was a passenger in a car driven by her husband, Kenneth L. Boyce, Jr. The Boyce car was struck by a police vehicle driven by an on-duty officer, an employee of the appellant, City of Tulsa. Ms. Fuller and Mr. Boyce filed separate suits against the City of Tulsa for personal injuries, which were consolidated for jury trial on January 8, 1986. The jury found the City of Tulsa 51% negligent and Boyce 49% negligent, and awarded damages of $10,000.00 to Boyce and $35,000.00 to Fuller. The trial judge entered judgment for Boyce in the sum of $5,100.00 [1] on January 8, 1986, and set a hearing for entry of judgment on Fuller's award for January 17, 1986. At that hearing, the trial judge entered judgment for Fuller in the full amount of the

---

1. The $5,100.00 figure was arrived at by reducing Mr. Boyce's award by 49%, his percentage of negligence, leaving the appellant, City of Tulsa, to pay only the percentage of the total award relating to its percentage of negligence. This award has not been appealed.

jury award, $35,000.00, despite the City's contention that provisions of the Political Subdivision Tort Claims Act required a reduction of the award to $17,850.00, an amount proportionate to the City's percentage of negligence. This entry of judgment forms the basis of the present appeal.

## I

## THE POLITICAL SUBDIVISIONS TORT CLAIMS ACT IS THE EXCLUSIVE REMEDY BY WHICH AN INJURED PLAINTIFF MAY RECOVER AGAINST A GOVERNMENTAL ENTITY FOR ITS NEGLIGENCE

Although this Court abrogated the judicially created doctrine of governmental immunity, in *Vanderpool v. State*, 672 P.2d 1153, 1157 (Okla.1983), we acknowledged the Legislature's right to enact sovereign immunity by statute.[2] Our decision in *Vanderpool* did not purport to alter any existing or future statute covering sovereign immunity. While we have not previously addressed the issue of whether the Political Subdivision Tort Claims Act abrogates any previously existing common law right, we have recognized that any limitations in the Act control over general statutory law.[3] Usually, recovery from a negligent tortfeasor is governed by the general comparative negligence statutes.[4] Under these statutes, recovery against joint tortfeasors is limited to that percentage of negligence attributable to each defendant unless the injured plaintiff is found fault free.[5]

 In determining what remedy is available to an injured plaintiff where the defendant is a governmental tortfeasor,[6] two sections of the Political Subdivision Tort Claims Act are applicable: subsection 153(B) and § 170. The plain language of the Act expresses the Legislature's intent to abrogate any common law theories of recovery if a governmental tortfeasor may be liable. The Legislature has specifically abrogated any previously existing common law or statutory right of recovery for torts

2. Although the Legislature had not expressly adopted the doctrine of sovereign immunity at the time this cause of action arose, it has subsequently done so. Title 51 O.S.Supp.1985 § 152.1 became effective October 1, 1985 and provides:
 "A. The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.
 B. The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."

3. *Hamilton v. Vaden*, 721 P.2d 412, 419 (Okla. 1986); *Conway v. Ohio Casualty Ins. Co.*, 669 P.2d 766, 768 (Okla.1983); *Johns v. Wynnewood School Bd. of Educ.*, 656 P.2d 248, 248–50 (Okla. 1982); *Graves v. Rose*, 663 P.2d 733, 735 (Okla. 1983); *McCracken v. City of Lawton*, 648 P.2d 18, 20 (Okla.1982).

4. Title 23 O.S.1981 §§ 13 and 14 provide, respectively:
 "In all actions hereafter brought, whether arising before or after the effective date of this act, for negligence resulting in personal injuries or wrongful death, or injury to property, contributory negligence shall not bar a recovery, unless any negligence of the person so injured, damaged or killed, is of greater degree than any negligence of the person, firm or corporation causing such damage, or unless any negligence of the person so injured, damaged or killed, is of a greater degree than the combined negligence of any persons, firms or corporations causing such damage."
 "Where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such person's contributory negligence."

5. See, *Boyles v. Oklahoma Natural Gas Co.*, 619 P.2d 613, 616 (Okla.1980) and *Laubach v. Morgan*, 588 P.2d 1071, 1074 (Okla.1978).

6. We are not unmindful of the fact that the Political Subdivision Tort Claims Act results in the establishment of two classifications of tortfeasor victims—those injured by a private tortfeasor and those injured by a governmental tortfeasor. However, in *Black v. Ball Janitorial Servs., Inc.*, 730 P.2d 510, 515 (Okla.1986), we held that by creating a separate class of public tortfeasors, the Act did not violate the prohibition against special legislation contained in the Okla. Const. art. 5, § 59; because the classification is reasonable for the attainment of a legitimate objective and operates uniformly on all members of the class. See also, *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla.1987).

committed by a governmental entity or its employees while acting within the scope of their employment.[7] In Oklahoma, statutes in derogation of the common law are to be liberally construed in order to promote their object.[8] This construction requires a determination that the only recovery available to a plaintiff negligently damaged by a governmental tortfeasor must be found within the boundaries defined by the Political Subdivision Tort Claims Act. Subsection 153(B) provides:

"The *liability of a political subdivision* under this Act *shall be exclusive and in place of all other liability* of a political subdivision or employee *at common law or otherwise."* [9] (Emphasis supplied)

Additionally, 51 O.S.1981 § 170 [10] states that the Act is exclusive, supersedes all home rule charter provisions and special laws, and repeals any conflicting act.[11] The determination of legislative intent controls judicial statutory interpretation; [12] however, it is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed.[13] There are no ambiguities in either Subsection 153(B) or Section 170. Both sections are written

---

7. Title 51 O.S.Supp.1984 § 153(A) provides:
 "Each political subdivision of this state shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the political subdivision, if a private person or entity, would be liable for money damages under the laws of this state. A political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment."

8. Title 12 O.S.1981 § 2 provides:
 "The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."
 Title 25 O.S.1981 § 29 provides:
 "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

9. Title 51 O.S.Supp.1984 § 153(B). This subsection, although amended in 1984 and effective October 1, 1985, remains substantively unchanged. In any case, the amendment does not affect the present action because § 171 of the new Act specifically provides that the Act will not apply to any claim arising before October 1, 1985. Section 153 provides in its entirety:
 "A. Each political subdivision of this state shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.

 A political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
 B. The liability of a political subdivision under this act shall be exclusive and in place of all other liability of a political subdivision or employee at common law or otherwise."

10. Title 51 O.S.1981 § 170 provides:
 "This act is exclusive and supersedes all home rule charter provisions and special laws on the same subject heretofore, and all acts or parts of acts in conflict herewith are repealed."

11. We have previously recognized by implication that a legislative enactment may immunize a party from recovery under the comparative negligence statute, 23 O.S.1981 §§ 13 and 14, see note 4, supra. However, *Bode v. Clark Equip. Co.,* 719 P.2d 824, 827 (Okla.1986), also requires that all defendants found negligent have their percentages of negligence combined to determine if the degree of fault charged to the plaintiff is greater than that owing to all persons. If the plaintiff is entitled to recovery he/she may recover from each tortfeasor that portion of his damages attributable to each of those other persons. Here, the City of Tulsa admits that the plaintiff is entitled to recover all damages attributable to the political subdivision.

12. *Matter of Phillips Petroleum Co.,* 652 P.2d 283, 285 (Okla.1982); *Becknell v. State Indus. Court,* 512 P.2d 1180, 1183 (Okla.1973); *Territory v. Clark,* 2 Okla. 82, 35 P. 882–83 (1894).

13. *Northwest Datsun v. Oklahoma Motor Vehicle Comm'n,* 736 P.2d 516 (Okla.1987); *Duesterhaus v. City of Edmond,* 634 P.2d 720, 722 (Okla. 1981); *Julien v. Gardner,* 628 P.2d 1165, 1167 (Okla.1981); *Estate of Kasishke v. Oklahoma Tax Comm'n* 541 P.2d 848, 851 (Okla.1975); *Becknell v. State Indus. Court,* see note 12, supra; *In re: Assessment of Champlin Refining Co.,* 186 Okla. 625, 99 P.2d 880, 882 (1940).

in clear, explicit, and mandatory language.[14] The unmistakable conclusion is that if a governmental tortfeasor is involved, the limits of recovery against the tortfeasor are governed by the Act—those seeking to recover from the municipality must fall within its purview.

## II

## A POLITICAL SUBDIVISION MAY BE HELD LIABLE ONLY FOR THAT PERCENTAGE OF TOTAL DAMAGES CORRESPONDING TO ITS PERCENTAGE OF NEGLIGENCE

 The question of whether the City must pay only the amount of award proportionate to its percentage of negligence is governed by 51 O.S.Supp.1984 § 154(E). Section 154(E)[15] outlines limitations on recovery once a political subdivision has been found liable under the Act:

"The liability of a political subdivision under this Act shall be severable from that of any other person or entity, and the political subdivision shall only be liable for that percentage of total damages which corresponds to its percentage of total negligence."

It is presumed that the Legislature has expressed its intent in a statute and that it intended what is so expressed.[16] This subsection leaves no doubt that the Legislature in waiving governmental immunity intended that the waiver should extend solely to any negligence by the political subdivision.

 The statute specifically provides that the liability of any political subdivision "shall be severable." The use of "shall" by the Legislature is normally considered as a legislative mandate equivalent to the term "must", requiring interpretation as a command.[17] We find that the language of subsection 154(E) permits a governmental tortfeasor to be held severally liable only,

---

**14.** *State ex rel. Cartwright v. Oklahoma Natural Gas,* 640 P.2d 1341, 1345 (Okla.1982).

**15.** Title 51 O.S.Supp.1984 § 154 provides:
"A. The total liability of political subdivisions on claims within the scope of this act arising out of an accident or occurrence happening after the effective date of this act shall not exceed:
1. Twenty-five Thousand Dollars ($25,-000.00) for any claim or to any claimant who has more than one claim for loss of property arising out of a single accident or occurrence;
2. One Hundred Thousand Dollars ($100,-000.00) to any claimant for his claim for any other loss arising out of a single accident or occurrence; or
3. One Million Dollars ($1,000,000.00) for any number of claims arising out of a single occurrence or accident.
B. No award for damages in an action or any claim against a political subdivision shall include punitive or exemplary damages.
C. When the amount awarded to or settled upon multiple claimants exceeds the limitations of this section, any party may apply to the district court which has jurisdiction of the cause to apportion to each claimant his proper share of the total amount limited herein. The share apportioned to each claimant shall be in the proportion that the ratio of the award or settlement made to him bears to the aggregate awards and settlements for all claims arising out of the occurrence. When the amount of the aggregate losses presented by a single claimant exceeds the limit of para-

graphs 1 and 2 of subsection A of this section, each person suffering a loss shall be entitled to his proportionate share.
D. A political subdivision may petition the court that all parties and actions arising out of a single accident or occurrence shall be joined as provided by law, and upon order of the court the proceedings upon good cause shown shall be continued for a reasonable time or until such joinder has been completed. A political subdivision shall be allowed to interplead in any action which may impose on it any duty or liability pursuant to this act.
E. The liability of a political subdivision under this act shall be several from that of any other person or entity, and the political subdivision shall only be liable for that percentage of total damages which corresponds to its percentage of total negligence. Nothing in this section shall be construed as increasing the limits imposed on a political subdivision's liability under this act."

**16.** *Darnell v. Chrysler Corp.,* 687 P.2d 132, 134 (Okla.1984); *Indep. School Dist. No. 89 of Oklahoma County v. Oklahoma Fed'n of Teachers,* 612 P.2d 719, 723 (Okla.1980); *Rath v. LaFon,* 431 P.2d 312, 314 (Okla.1967).

**17.** *McDonald's v. Groves,* 652 P.2d 281, 281–82 (Okla.1982); *TIB Corp. v. Edmondson,* 630 P.2d 1296, 1296–97 (Okla.1981); *Sneed v. Sneed,* 585 P.2d 1363, 1363–64 (Okla.1978); *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666, 668 (Okla.1973); *State v. Hunt,* 286 P.2d 1088, 1090 (Okla.1955).

and that the common law rule governing joint and several liability has no application to an action falling within the Political Subdivision Tort Claims Act.

Apparently, the fault-free passenger would agree with our conclusion were it limited to situations where a plaintiff is found to have contributed to the injury by some degree of negligence. In *Boyles v. Oklahoma Natural Gas,* 619 P.2d 613, 616 (Okla.1980), we held that several liability is inapplicable if the plaintiff is found to be without fault. The passenger contends that *Boyles* is dispositive of the problem presented here. We agree that the common law rule of joint and several liability continues in force outside the purview of the comparative negligence statute.[18] We cannot agree, however, that the same rule applies to litigation arising under the Political Subdivision Tort Claims Act. *Boyles* is simply inapplicable to an action within the Act's ambit.

In *Boyles,* we distinguished a prior opinion, *Laubach v. Morgan,* 588 P.2d 1071, 1073–74 (Okla.1978), which applied the comparative negligence statute to a plaintiff found to be one of several negligent co-actors. In so doing, we stated:

"There is absolutely *nothing* in *Laubach* to negate the continued force of the common law rule of joint and several liability in those negligent torts which fall completely outside the purview of our comparative negligence legislation."[19]

Here, the element necessary to supersede the common law rule, which was missing in *Laubach,*[20] is present. Subsection 153(B)[21] specifically abrogates any common law recovery while § 154(E)[22] provides that liability of a political subdivision shall be severable from any other person or entity.

We are not free to read in exceptions not made by the Legislature.[23] Because any judgments against a political subdivision are paid by special ad valorem levies,[24] the legislative decision that the public should pay only for the proportionate share of damages corresponding to its political subdivision's negligence is founded on a rational basis. If a judgment lies in tort against a political subdivision and another party, the political subdivision is liable only for that percentage of damages caused by its own negligence.

REVERSED.

All Justices concur.

---

**18.** *Anderson v. O'Donoghue,* 677 P.2d 648, 653 (Okla.1983); *Boyles v. Oklahoma Natural Gas Co.,* see note 5, supra at 616–17; See also, 23 O.S.1981 § 13, note 4, supra.

**19.** *Boyles v. Oklahoma Natural Gas Co.,* see note 5, supra.

**20.** *Laubach v. Morgan,* see note 5, supra.

**21.** Title 51 O.S.Supp.1984 § 153(B), see note 9, supra.

**22.** Title 51 O.S.Supp.1984 § 154(E), see note 15, supra.

**23.** *City of Bethany v. Dist. Court of Oklahoma County,* 200 Okla. 49, 191 P.2d 187, 189 (1948);

*City of Bristow v. Groom,* 194 Okla. 384, 151 P.2d 936, 941 (1944).

**24.** Okla. Const. art. 10, § 28 provides:
"Counties, townships, school districts, cities, and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay."
See also, 62 O.S.1981 § 361, *et seq.*