Dear Senate Stipe,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Are state-beneficiary public trusts such as the OklahomaStudent Loan Authority and Oklahoma Housing Finance Agency,subject to the State Budget Act, 62 O.S. 41.1 (1981) etseq.?
2. Are state-beneficiary public trusts subject to other statefinance laws such as 62 O.S. 7.1 to 62 O.S. 7.6 (1989)and must their funds be deposited with the State Treasury?
¶ 1 Both of these questions deal with state-beneficiary public trusts in general but also deal specifically with the Oklahoma Student Loan Authority (hereinafter "the Authority") and the Oklahoma Housing Finance Agency (hereinafter the "Housing Agency"). The questions concern the applicability of various statutes in title 62 dealing with state fiscal matters. Specifically, the first question is whether the State Budget Law,62 O.S. 41.1 (1981) et. seq., applies to public trusts with the State of Oklahoma as their beneficiary. The second question is whether statutes such as those at 62 O.S. 7.1 to 62 O.S. 7.9
concerning state accounts and accounting apply to such trusts as well.
 I. THE OKLAHOMA STUDENT LOAN AUTHORITY, OKLAHOMA HOUSING FINANCE AGENCY AND OTHER STATE-BENEFICIARY PUBLIC TRUSTS.
¶ 2 Before analyzing the statutes in title 62, a brief description of the Authority and the Housing Agency is necessary. The Housing Agency is a state-beneficiary public trust created under the Public Trust Act, 60 O.S. 176 (1981) et. seq. See,
A.G. Opin. No. 86-071. It was created through a trust indenture, not by statute, and the beneficial interest was accepted by the Governor. It is, therefore, a "pure" public trust. As with all other such public trusts (state or local), the Housing Agency trustees are an "agency of the State." 60 O.S. 179 (1981).
¶ 3 The "Oklahoma Student Loan Act" is found at 70 O.S. 695.1
(1981) et seq., as amended. Title 70 O.S. 695.3 (1989) is a part of that Act and provides, in pertinent part as follows:
 The Governor is hereby authorized to accept beneficial interest on behalf of the State of Oklahoma in an express trust which shall be an agency of the state for the specific object and purpose of providing student loan funds pursuant to requirements of any appropriate federal agency to qualified persons as provided herein. Said state trust shall be entitled the Oklahoma Student Loan Authority. The Authority shall be created in accordance with the provisions of Title 60 of the Oklahoma Statutes, 60 O.S. 176 et seq.
(Emphasis added).
¶ 4 One feature of the Authority arguably distinguishes it from other state-beneficiary public trusts. The above statute declares that the Authority is to be "an agency of the State." This raises the issue of whether the Legislature intended to create a specific state agency much like other agencies of state government rather than a typical title 60 public trust. It is true, that unlike most state-beneficiary public trusts, there is an entire set of statutes regulating its operations. 70 O.S.695.1 (1981) et seq. This factor alone, however, does not necessarily mean that it is materially different from other trusts. This office recently held that the Oklahoma Development Finance Authority retained its separate trust existence in the face of massive legislative changes in its structure. See, 74O.S. 5062.1 (1989) et seq. In A.G. Opin. No. 89-021, we stated as follows:
 While the Oklahoma Development Authority became the Oklahoma Development Finance Authority it stili maintained its separate existence as a public trust created pursuant to 60 O.S. 176 (1981) et seq. The Oklahoma Development Finance Authority has several statutory powers and duties under Oklahoma law, but it maintains its trust status and is therefore a legal entity separate and apart from its beneficiary (the State of Oklahoma). State ex rel. Williamson v. Garrison, 348 P.2d 859 (Okla. 1960). A.G. Opinion No. 88-088.
¶ 5 The real issue is whether the Legislature intended that the Authority be treated like all other agencies rather than a trust. In our view 70 O.S. 695.3 makes the answer obvious. This statute makes very clear that the Oklahoma Student Loan Authority is an "express trust." The statute states that it is to be a "state trust" and that it is to be created in accordance with provisions of 60 O.S. 176 (1981) et seq. which is the Public Trust Act. The Legislature clearly intended to authorize the creation of a new state-beneficiary public trust. The fact that the Legislature chose to characterize the Authority as "an agency of the State for the specific object and purpose of providing Student Loan Funds" does not dictate a contrary result.
¶ 6 The language employed in the Student Loan Act is not materially different from the language used by the Oklahoma Legislature in 60 O.S. 179 (1981). 60 O.S. 179 talks in terms of the trustees of public trusts being "an agency of the State." There is no question that the trustees themselves are public officials. State ex rel. Cartwright v. OklahomaIndustries Authority, 629 P.2d 1244, 1249 (Okla. 1981). However, as pointed out by the Oklahoma Supreme Court, such a status does not merge the trust with its beneficiary. In State ex rel.Williamson v. Garrison, 348 P.2d 859 (Okla. 1960), the Court discussed the nature of the Northeast Oklahoma Gas Authority, which is a state-beneficiary public trust.
 We again wish to point out that the trust is a separate legal entity from those that become beneficiaries. . . . The fact that trusts formed under the statute heretofore referred to are "agencies of the State". . . does not serve to blend them with their beneficiaries.
Id. at 863.
¶ 7 While the Student Loan Act authorized the creation of the Authority, it was created in the same manner as other state-beneficiary public trusts. For purposes of the statutes in title 62 to be discussed in this opinion, the Authority has the same legal status as the Housing Agency as well as other state trusts.
 II. THE STATE BUDGET LAW AND OTHER STATE STATUTES IN TITLE 62 REGULATING STATE FISCAL AFFAIRS.
¶ 8 Sections 41.6, 41.7 and 41.9, apply to ". . . each state department, board, commission, institution or agency" and are referred to collectively as "spending agencies." 62 O.S. 41.7
(1989). These statutes apply to the allotment process where only a portion of an agency's appropriation is "allotted" to an agency for expenditure each quarter throughout an entire fiscal year.
¶ 9 Other statutes in the Budget Law use a variety of language when describing the legal entities to which they apply. Title 62O.S. 41.12 (1989) applies to every "department, agency, board or commission." This section deals with the transfer of items between funds. 62 O.S. 41.16 of title 62 applies to "departments, institutions, boards, commissions and agencies." 1990 Okla. Sess. Laws, ch. 264, 60, p. 1183. This section deals with "encumbrance requirements." This is the procedure by which agencies must provide their various contracts to the Office of State Finance to ensure the agency does not spend more than it has been allotted. Title 62 O.S. 41.29 (1989) applies to "state departments, bureaus, divisions, officers, commissions, institutions" and other "spending agencies." This statute requires these entities to provide the Office of State Finance an estimate of the funds which they will need for the next fiscal year.
¶ 10 Most of these statutes apply to agencies of state government which receive appropriated dollars. State-beneficiary public trusts do not operate on appropriated monies and we are aware of no instance where the Legislature has directly appropriated money to such trusts. This fact would seem to eliminate the applicability of the specifically enumerated statutes above. Title 62 O.S. 41.13 (1981), however, makes the allotment procedure applicable to "all departments, institutions, or agencies of the state which are operating either partially or entirely from revenues derived from sources other than legislative appropriations . . ." This section is specifically inapplicable to "trust funds."
 III. THE INAPPLICABILITY OF STATE STATUTES VITALIZING OKLA. CONST. Article X, SECTION 23, AND STATUTES REGULATING FUNDS HELD IN THE STATE TREASURY, TO STATE-BENEFICIARY PUBLIC TRUSTS.
¶ 11 It is conceivable that the term "trust funds" in 62 O.S.41.13 may only apply when an agency of the state is temporarily holding funds destined for private parties. Funds held in tax protest accounts or funds held as a deposit could fall into this category. In our view this term applies equally to the funds of state-beneficiary public trusts because funds of such trusts are held in trust for the benefit of the state. There seems to be no reason why funds of such trusts would not come under this general description.
¶ 12 There is another reason why the statutes in the Budget Law which regulate state funds and the allotment process do not apply to state-beneficiary public trusts. This is so because these statutes in the State Budget Law, and their predecessor statutes, were passed by the Legislature in the 1940's to vitalize the original version of Article X, Section 23 of the Oklahoma Constitution which is the "balanced budget" amendment to the state constitution. State ex rel. Hawkins v. Oklahoma TaxCommission, 462 P.2d 636 (Okla. 1969). Title 62 O.S. 41.6
(1981) states the purpose of the allotment process:
 The purpose of this provision is to insure that there shall be no overdraft or deficit in the several funds of the state at the end of any fiscal year[.]
¶ 13 Funds of public trusts are not funds of their governmental beneficiaries and the debts they create are not debts of their beneficiaries either. Application of Southern OklahomaDevelopment Trust, 470 P.2d 572 (Okla. 1970); Morris v. City ofOklahoma City, 299 P.2d 131 (Okla. 1956). This "separate legal entity" concept has been discussed in many opinions of this office and the Oklahoma Supreme Court. The issue of whether certain statutes or constitutional provisions were intended to apply to public trusts has been discussed many times as well.
¶ 14 A.G. Opin. No. 86-131 discussed the Oklahoma Ordnance Works Authority (OOWA) which is also a state-beneficiary public trust. The specific question addressed in that opinion was the ability of such a public trust to hold corporate stock even though the Oklahoma Constitution forbids the State of Oklahoma from owning corporate stock. The Attorney General found that this provision of the Constitution was not applicable to state public trusts.
 Okla. Const. Article X, Section 15 does not apply to the Oklahoma Ordnance Works Authority because its funds are not general govern mental funds of the State and because it is a separate legal entity from the sovereign State of Oklahoma.
¶ 15 Another 1986 opinion of the Attorney General is relevant to this question and determinative of the second question as well. A.G. Opin. No. 86-070 was cited in 86-131 and specifically held that funds of state beneficiary public trusts were not required to be kept in the state treasury. In A.G. Opin. No. 86-070 the Attorney General stated as follows:
 The distinction drawn by the Supreme Court in this case was between "general governmental funds" generated by the taxation power of the State versus funds held for the benefit of the State by a public trust. While public trust funds are cloaked with a public interest they are not considered "public funds" which the State in its sovereign capacity collects from its taxpayers. . . . Similarly, funds flowing into the public trust compact from its public trust members are not the type of "public funds" required to be kept in the State treasury pursuant to 74 O.S. 362 (1981).
¶ 16 Not only does this opinion reaffirm the "separate existence" concept but also makes clear that funds of state-beneficiary public trusts are not kept in the State treasury. 62 O.S. 7.1 et. seq. only apply to accounts within the State treasury.
¶ 17 In A.G. Opin. No. 84-135, it was held that the Central Purchasing Act, 74 O.S. 85.1 (1981) et seq., applied to state-beneficiary public trusts. While this opinion found the Act to apply to such trusts because the trustees were "state officers" it pointed out that state-beneficiary public trusts are not always treated like other state agencies for purposes of all legislation. The opinion pointed out that trusts were not state agencies for purposes of constitutional debt limitations and cautioned against blindly lumping state-beneficiary public trusts with other agencies to determine the applicability of certain statutes.
 Thus, due to the unique and dual status of public trusts, it is necessary, in every case, to ascertain whether it was the intention of the Legislature to include public trusts within the purview of any particular act.
A.G. Opin. No. 84-135.
¶ 18 In our view, the finance laws in title 62 which govern the accounting methods for state funds in the State treasury and which effectuate the balanced budget amendment to the State Constitution, clearly were not intended to apply to state-beneficiary public trusts. There are many other state statutes which apply to all "state officers" or "agencies of the State," which may very well apply to such trusts. As with all legislation, each must be analyzed to ascertain whether it was the intention of the Legislature for such legislation to apply to state-beneficiary public trusts. Fuller v. Odom, 741 P.2d 449
(Okla. 1987).
¶ 19 It is, therefore, the official opinion of the AttorneyGeneral that:
1. The Oklahoma Student Loan Authority, which was authorized tobe created under the Oklahoma Student Loan Act, 70 O.S. 695.1(1981) et. seq., is a state-beneficiary public trust createdunder the Oklahoma Public Trust Act, 60 O.S. 176 (1981) et.seq. While it is "an agency of the State" for the purpose ofmaking student loans, it is a separate legal entity apart fromthe State of Oklahoma.
2. The Oklahoma State Budget Act, 62 O.S. 41.1 (1981) et.seq. is inapplicable to state-beneficiary public trusts createdpursuant to 60 O.S. 176 (1981) et. seq. such as the OklahomaStudent Loan Authority (70 O.S. 695.3 (1981)) and theOklahoma Housing Finance Agency. The Budget Law is specificallyinapplicable to "trust funds" and its primary function is tovitalize Okla. Const. Article X, Section 23. This section of theConstitution is Oklahoma's "balanced budget" amendment, and isinapplicable to public trust funds and trust debt.
3. Oklahoma finance laws regulating accounts of state agencies,such as 62 O.S. 7.1 (1981) et. seq. are inapplicable tostate-beneficiary public trusts created pursuant to 60 O.S.176 (1981) et. seq. such as the Oklahoma Student LoanAuthority(70 O.S. 695.3 (1981)) and the Oklahoma HousingFinance Agency. These statutes only apply to those agencies whichhave funds in the state treasury. The funds of state-beneficiarypublic trusts do not have to be kept in the state treasury. A.G.Opin. No. 86-070.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER ASSISTANT ATTORNEY GENERAL