Dear Representative Taylor:
¶ 0 This office has received your request for an Attorney General Opinion. You asked, in effect, the following questions:
 1. Does 70 O.S. 1991, § 5-117.1[70-5-117.1] authorize any school district in this state which is contiguous to any other school district located in an adjacent state to enter into contracts with the board of education of the school district located in the adjacent state for the purpose of providing better educational opportunities for students residing in both school districts?
 2. Does 70 O.S. 1991, § 5-117.3[70-5-117.3] allow an Oklahoma school district to include those students who reside within the boundaries of the school district located in Oklahoma, but who attend school in a district located in an adjacent state, within the average daily attendance of the Oklahoma school district for the purpose of calculation and payment of state aid apportioned on an average daily attendance basis?
 I.
¶ 1 Your first question regarding which districts are authorized to enter into cooperative contracts with adjacent districts in another state is answered by a plain reading of 70O.S. 1991, § 5-117.1[70-5-117.1], which states:
 The board of education of any school district in this state which is contiguous to any other school district located in an adjacent state is hereby authorized to enter into contracts with the board of education of the school district located in the adjacent state for the purpose of providing better educational opportunities for students residing in both school districts. Such contracts may provide for:
 1. The transfer of students between the two school districts;
 2. The payment and acceptance of transfer fees for students transferred between the two school districts, the amount of which will be agreed upon by the boards of education thereof;
 3. The use of district-owned school buses to transport students to and from the schools operated in the school districts; and
 4. Such other cooperative agreements as will be necessary to provide quality education for all students residing or attending schools in the school districts.
70 O.S. 1991, § 5-117.1[70-5-117.1].
¶ 2 The statute clearly states that the board of education ofany school district which is contiguous to a school district located in an adjacent state is authorized to enter into a cooperative contract for the purpose of providing better educational opportunities to students residing in both states. Section 5-117.1 is clear. "There is no room for construction or provision for further inquiry when the statute plainly speaks."Jackson v. Independent School District No. 16 of Payne County,648 P.2d 26, 29 (Okla. 1982). Because section 5-117.1 is plain and unambiguous, its evident meaning must be accepted. Therefore, the board of education of any school district which is contiguous to a school district located in an adjacent state may enter into a cooperative contract with the board of education of the out of state school district.[1]
 II.
¶ 3 The second question is whether an Oklahoma school district may include students who reside in Oklahoma but attend school out of state in the district's average daily attendance ("ADA") for distribution of state aid. Section 5-117.3 provides:
 Students who reside within the boundaries of a school district located in this state, but who have attended school in a contiguous school district located in an adjacent state, shall be included in the average daily attendance of the school district located in this state for the purpose of calculation and payment of all state aid and for the distribution of all other revenue required by law to be apportioned on an average daily attendance basis.
 Under no circumstances shall students who reside outside the State of Oklahoma be counted as ADM [Average Daily Membership] for the purpose of calculation of State Aid in Oklahoma.
70 O.S. 1991, § 5-117.3[70-5-117.3].
¶ 4 The statute states that students who reside in Oklahoma but who have attended school in a contiguous state shall be included in the average daily attendance. The question is whether "have attended" should be interpreted to mean students who attended a portion of the school year in another state but who are presently enrolled in an Oklahoma school district or whether "have attended" should be interpreted to mean all students who have resided in an Oklahoma school district but have attended school in another state.
¶ 5 The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jacksonv. Independent School District No. 16 of Payne County,648 P.2d 26 (Okla. 1982). Furthermore, "[i]t is presumed that the Legislature has expressed its intent in a statute and that it intended what it so expressed." Fuller v. Odom, 741 P.2d 449,453 (Okla. 1987). To ascertain the intent in 70 O.S.Supp. 1994,§ 5-117.3[70-5-117.3], it is helpful to examine the term "average daily attendance" within the context of school funding. Average Daily Attendance is defined for school funding purposes in 70O.S.Supp. 1994, § 18-107[70-18-107](1) as the "legal average number of pupils . . . in a school district during a school year as determined pursuant to the provision of Section 18-111 of this title." (Emphasis added.) ADA is calculated for funding purposes by taking the district's highest average daily attendance of the preceding two years. 70 O.S. 1991, § 18-109.3[70-18-109.3]. Because of the way the funding process is mandated, it appears that the Legislature's intent in using the words "have attended" is to allow the district to count those students in its ADA who resided in the district but attended school in a contiguous state during the period on which the ADA calculations are based. The statute does not require the student to attend school in Oklahoma before being counted in the ADA. Had the Legislature intended such a requirement it would have been expressed in the statute.[2]
 ¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Pursuant to 70 O.S. 1991, § 5-117.1[70-5-117.1], any school board of a school district in this state which is contiguous to any other school district located in an adjacent state is authorized to enter into contracts with the board of education of the school district located in the adjacent state for the purpose of providing better educational opportunities for students residing in both school districts.
 2. Pursuant to 70 O.S. 1991, § 5-117.3[70-5-117.3], an Oklahoma school district may include those students who reside within the boundaries of the school district located in Oklahoma, but who attend school in a district located in an adjacent state, within the average daily attendance of the Oklahoma school district for the purpose of calculation and payment of state aid apportioned on an average daily attendance basis.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL
[1] Section 5-117.2 states that the State Board of Education may adopt rules necessary to assist school districts in carrying out the provisions of sections 5-117.1 and 5-117.3. At the issuance of this opinion no such rules exist.
[2] The Legislature revisited 70 O.S. 1991, § 5-117.3[70-5-117.3] in 1990 and did not change the language "have attended."