Dear Representative Askins
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following question:
 May any person legally present during a board of education executive session be designated to take the minutes of the executive session or must that function be performed by the board's "minute clerk" employed pursuant to 70 O.S. Supp. 1996, § 5-119[70-5-119]?
 OKLAHOMA OPEN MEETING ACT
A. Board Of Education Meetings Are Open To The Public.
¶ 1 Under the general provisions of the Oklahoma Open Meeting Act, 25 O.S. 1991 and Supp. 1996, §§ 301-314 ("the Open Meeting Act"), the meetings of public bodies must be open to the general public. The statutory definition of "public body" includes a board of public education. 25 O.S. Supp. 1996, § 304[25-304](1). Thus, boards of public education must comply with the provisions of the Oklahoma Open Meeting Act.
B. Board Of Education Executive Sessions Are Closed To ThePublic
¶ 2 Section 307(B) of the Open Meeting Act allows public bodies, including a board of education, to hold executive sessions which are not open to the public for the following purposes:
 1. Discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee;
 2. Discussing negotiations concerning employees and representatives of employee groups;
 3. Discussing the purchase or appraisal of real property;
 4. Confidential communications between a public body and its attorney concerning a pending investigation, claim, or action if the public body, with the advice of its attorney, determines that disclosure will seriously impair the ability of the public body to process the claim or conduct a pending investigation, litigation, or proceeding in the public interest;
 5. Permitting district boards of education to hear evidence and discuss the expulsion or suspension of a student when requested by the student involved or his parent, attorney or legal guardian;
 6. Discussing matters involving a specific handicapped child;
 7. Discussing any matter where disclosure of information would violate confidentiality requirements of state or federal law; or
 8. Engaging in deliberations or rendering a final or intermediate decision in an individual proceeding pursuant to Article II of the Administrative Procedures Act.[1]
. . . .
 F. A willful violation of the provisions of this section shall:
 1. Subject each member of the public body to criminal sanctions as provided in Section 314 of this title; and
 2. Cause the minutes and all other records of the executive session, including tape recordings, to be immediately made public.
25 O.S. Supp. 1996, § 307[25-307].
¶ 3 The above-quoted section of the Open Meeting Act emphasizes the Legislature's intent that only highly sensitive or confidential matters may be discussed privately by public bodies.
C. Minutes Of Board Of Education Meeting Must Be Kept.
¶ 4 The Open Meeting Act provides:
 The proceedings of a public body shall be kept by a person so designated by such public body in the form of written minutes which shall be an official summary of the proceedings. . . .
25 O.S. Supp. 1996, § 312[25-312](A).
¶ 5 Accordingly, minutes of a public meeting must be kept. The Oklahoma Supreme Court has held that the requirement for minutes to be kept and recorded also applies to executive sessions.Berry v. Board of Governors of Registered Dentists,611 P.2d 628, 632 (Okla. 1980). The Legislature has explicitly recognized that the requirement to keep a summary of the proceedings in the form of written minutes extends to executive sessions at 51 O.S.Supp. 1996, § 24A.5[51-24A.5](1)(b) (providing that minutes of lawful executive sessions are confidential) and 25 O.S. Supp. 1996, §307[25-307](F) (providing that a willful violation of the provisions of Section 307 of the Open Meeting Act will cause the minutes of the executive session, including tape recordings, to be made public).
¶ 6 While it is certain that minutes must be kept, this requirement may be met in a variety of ways. As provided in Section 312 of the Open Meeting Act, minutes are simply a writtensummary of the proceedings, not a word for word transcription. Therefore, regardless of the method used to compile the minutes, the Open Meeting Act requirement for minutes is satisfied provided some type of written summary of the meeting is kept by the public body.[2]
¶ 7 Your question asks whether a specific person, i.e., the "minute clerk," must take the minutes during an executive session held during a board of education (sometimes herein referred to as "school board") meeting.
 MINUTE CLERK EMPLOYED BY SCHOOL BOARD
¶ 8 Title 70 O.S. Supp. 1996, § 5-119[70-5-119](B) provides in part:
 The board of education shall employ an encumbrance clerk and minute clerk, both functions of which may be performed by the same employee. The encumbrance clerk shall keep the books and documents of the school district and perform such other duties as the board of education or its committees may require. The minute clerk shall keep an accurate journal of the proceedings of the board of education and perform such other duties as the board of education or its committees may require. The board of education may designate a deputy minute clerk. The deputy minute clerk may perform any of the duties and exercise any of the powers of the minute clerk with the same force and effect as if the same were done or performed by the minute clerk.
¶ 9 Also, as previously cited, Section 312(A) of the Open Meeting Act requires a public body to designate a person to keep the minutes of the proceedings. Your question thus becomes, do these statutory provisions, when read together, require that a school board must designate only the "minute clerk" for the purposes of taking minutes of confidential matters discussed in an executive session?
¶ 10 The fundamental principle of statutory construction is to ascertain the underlying legislative intent through an examination of the statute's language. See, e.g., Fuller v.Odom, 741 P.2d 449 (Okla. 1987).
 ANALYSIS
A. The Two Statutes Do Not Conflict.
 In construing statutes, harmony, not confusion, is to be sought and when parts of an act are reasonably susceptible of a construction which will give effect to both and to the words of each, without violence to either, such construction should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict.
Independent School District No. 89 of Oklahoma County v.Oklahoma City Federation of Teachers, 612 P.2d 719, 722 (Okla. 1980) (citing Rogers v. Oklahoma Tax Commission, 263 P.2d 409
(Okla. 1953).
¶ 11 The Open Meeting Act, not the school board statute, dictates the procedure(s) which must be followed by school boards during open meetings. Furthermore, it is the Open Meeting Act which requires all public bodies to keep minutes of an executive session. The school board statute cited above does not address executive session minutes. The requirement for keeping executive session minutes is governed solely by the Open Meeting Act and that requirement is complied with provided executive session minutes are kept by some person. The Open Meeting Act does not specify who that person must be.
¶ 12 Likewise, while the school board statute requires a school board to employ a "minute clerk," who, among other duties, keeps a journal of the proceedings of the board of education, it does not preclude a school board from designating someone other than the employed "minute clerk" to keep the minutes of an executive session. The statute does not deal with or contemplate the manner in which a school board proceeds in confidential executive sessions, which is established and governed by the Open Meeting Act.
¶ 13 Therefore, the two statutes do not conflict. The Open Meeting Act provides for the manner in which school boards proceed in executive sessions. The school board statute provides for the employment of a "minute clerk" but does not explicitly require the "minute clerk" to keep minutes of executive sessions. Of course, the "minute clerk" may, if a school board desires, keep the minutes of an executive session.
B. Analysis Is Consistent With Confidential Nature Of ExecutiveSessions.
¶ 14 The Open Meeting Act narrowly and explicitly defines those highly sensitive or confidential matters which may be discussed in executive session. It is inconsistent with the intent of the Act to require a person who is not otherwise privy to such confidential information to remain during an executive session for the sole purpose of taking minutes. Without any Open Meeting Act violation, the ministerial task of taking executive session minutes can be performed by a person who will otherwise remain in executive session. Nothing in the school board statute which establishes the position and duties of the minute clerk can be read to require that employee to have access to confidential
discussions of the board. Nor would such privity be necessary in order to keep a journal of the board's proceedings.
¶ 15 To illustrate, consider the possible result if the "minute clerk" was required to remain present during executive sessions. A school board may legally consider personnel decisions and discuss attorney-client privileged material during executive session. Obviously, if the minute clerk is the subject of possible termination or demotion, he or she should not be present taking minutes while the board discusses such disciplinary action against him or her. Similarly, if the board is discussing pending litigation with its attorney, the presence of the minute clerk may jeopardize the attorney-client privilege.
¶ 16 In these instances, and perhaps others, the school board may choose to designate one of its own members to keep the executive session minutes. Neither the Open Meeting Act's requirements nor the school board statutes are violated if such designation takes place.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The person employed as the "minute clerk" pursuant to 70 O.S. Supp. 1996, § 5-119[70-5-119] is not statutorily required to take the minutes of a board of education's executive session.
 Any person legally present during a board of education executive session may take the minutes of the executive session.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL
[1] 70 O.S. 1991, § 5-118[70-5-118], also permits local boards of education to convene in executive session for specific purposes which are also set forth in Section 307 of the Act.
[2] As stated above, executive session minutes are confidential pursuant to 51 O.S. Supp. 1996, § 24A.5[51-24A.5]. Also as stated, the Open Meeting Act provides for the release of the executive session minutes only if the board willfully violates Section 307. Therefore, executive session minutes should be kept sealed and in a separate file from the minutes of the open session of the open meeting.