Dear Senator Mickle,
¶ 0 This office has received your letter asking for an official Opinion in which you ask, in effect, the following question:
 May an active contributing member of the Teachers' Retirement System of Oklahoma purchase credit for accumulated service performed as a member of the Oklahoma Law Enforcement Retirement System, while that member is receiving disability benefits from the Oklahoma Law Enforcement Retirement System?
¶ 1 Your question requires the analysis of two areas of Oklahoma law regarding retirement systems: The Oklahoma Law Enforcement Retirement System, 47 O.S. 1991 and Supp. 1997, §§2-300 to 2-313, particularly Section 2-305(C); and the Teachers' Retirement System of Oklahoma, 70 O.S. 1991 and Supp. 1997, §§17-101 to 17-120, particularly Section 17-116.2(K).
 I. THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM
¶ 2 Before addressing your specific question regarding the purchase and transfer of service credit from pension system to pension system, it is necessary to review the issue ofdisability retirement for law enforcement officers, as defined in statute. Your question assumes a non-vested member of the Oklahoma Law Enforcement Retirement System is injured on the job and is granted disability for the injury. Section 2-305(C) states in pertinent part:
 A member who meets the definition of disability as defined in Section 2-300 of this title and whose disability occurred prior to the member's normal retirement date and by direct reason of the performance of the member's duties as an officer shall receive a monthly benefit equal to the greater of fifty percent (50%) of final average salary or two and one-half percent (21/2%) of final average salary multiplied by the number of years of the member's credited service.
47 O.S. Supp. 1997, § 2-305[47-2-305](C) (emphasis added).
¶ 3 The statute states plainly that when an injury occurs prior to a member's normal retirement date and by direct reason of the member's performance of duty as an officer, the member shallreceive a monthly benefit. It is long established law in Oklahoma that where the Legislature has used plain and unambiguous language in a statute, and the meaning is clear, no rules of construction are necessary and the evident meaning of the statute must be accepted. Fuller v. Odom, 741 P.2d 449, 452
(Okla. 1987).
¶ 4 A non-vested member of the Oklahoma Law Enforcement Retirement System, injured as a direct result of performance of the member's duty as an officer, is entitled to a retirementbenefit granted pursuant to 47 O.S. Supp. 1997, § 2-305[47-2-305](C). Although the benefit granted is based directly on the disabling event that caused the injury, the benefit granted is aretirement benefit by statutory definition, subject to the formula for determining the exact amount of monthly benefit to be received as set out in Section 2-305(C).
 II. BENEFIT RESTRICTIONS IN OKLAHOMA PENSION SYSTEMS
¶ 5 Before reviewing the appropriate provisions of the Teachers' Retirement System of Oklahoma and the Oklahoma Law Enforcement Retirement System, it must be noted that we find the same restrictive language regarding transfer of accumulated service credit at 20 O.S. Supp. 1997, § 1103F[20-1103F] for the Uniform Retirement System for Judges and Justices; at 11 O.S. Supp.1997, § 50-111.2[11-50-111.2](A) for the Police Pension and Retirement System; and at 11 O.S. 1991, § 49-117.2[11-49-117.2](A) for the Firefighters' Pension and Retirement System. These statutes recite the restrictive language also found in 70 O.S. Supp.1997, § 17-116.2[70-17-116.2](K). The Oklahoma Supreme Court has stated that:
 The cardinal rule in construing legislation is that the intention of the Legislature, when ascertained, must govern, and that to ascertain that intent all the various portions of the legislative enactments upon the particular subject, including subsequent enactments should be construed together and given effect as a whole.
ISD 89 of Oklahoma County v. Oklahoma City Federation ofTeachers, Local 2309, 612 P.2d 719, 721 (Okla. 1980) (emphasis added).
¶ 6 You have specifically asked whether an individual who is an active member of the Teachers' Retirement System of Oklahoma but not yet retired, and is also a retired member of the Oklahoma Law Enforcement Retirement System, may purchase accumulated service credit from the Oklahoma Law Enforcement Retirement System and transfer that credit to the Teachers' Retirement System of Oklahoma while the member is receiving disability benefits from the Oklahoma Law Enforcement Retirement System.
¶ 7 Pertinent to your inquiry, Section 17-116.2(K) of Title 70, governing the Teachers' Retirement System of Oklahoma, states:
 A member may receive credit for those years of service accumulated by the member while employed by an entity which is a participating employer in the Oklahoma Firefighters Pension and Retirement System, the Oklahoma Police Pension and Retirement System, the Uniform Retirement System for Justices and Judges, the Oklahoma Law Enforcement Retirement System, or the Oklahoma Public Employees Retirement System, if the member is not receiving or eligible to receive retirement credit or benefits from said service in any other public retirement system.
70 O.S. § 17-116.2[70-17-116.2](K) (emphasis added).
¶ 8 The restrictive language in Section 17-116.2(K) prohibits a member from receiving service credit from the listed pensions systems if the member is receiving or eligible to receive retirement credit or benefits from another public retirement system. The Legislature has placed this restrictive language in the pension statutes of other State pension systems. Sections 2-307.1(A) and 2-307.3(A) of Title 47, relating to the Oklahoma Law Enforcement Retirement System, varies the above language found in Section 17-116.2(K) as follows:
 A member may receive service credit for not to exceed five (5) years of participating service accumulated by the member while an employee of a state agency if the member is not receiving or eligible to receive
retirement benefits or credit for said service from the Oklahoma Public Employees Retirement System.
47 O.S. 1991, § 2-307.1[47-2-307.1](A) (emphasis added).
 Effective January 1, 1991, to receive credit for not to exceed five (5) years of prior law enforcement service rendered in this state, if the member is not receiving or eligible to receive retirement credit or benefits for such service in any other public retirement system, the member shall pay the amount determined by the Board. . . .
47 O.S. 1991, § 2-307.3[47-2-307.3](A) (emphasis added).
¶ 9 Accordingly, in answer to your question, the restrictive provisions found in the Teachers' Retirement System of Oklahoma are consistent with restrictions found in each of the State's pension statutes regarding the purchase and transfer of accumulated service credit. The purchase and transfer of service credit is prohibited when a member is seeking credit for accumulated service in one pension system while that member is receiving or is eligible to receive retirement service credit or benefits from any other State retirement system.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A member of the Teachers' Retirement System of Oklahoma, as defined at 70 O.S. 1991 and Supp. 1997, §§ 17-101 to 17-120, is restricted, pursuant to 70 O.S. Supp. 1997, § 17-116.2(K), from receiving accumulated service credit from the Oklahoma Law Enforcement Retirement System when the member is receiving, or is eligible to receive, retirement credit or benefits for service with the Oklahoma Law Enforcement Retirement System. This restriction is consistent with the statutes of the various pension systems of the State of Oklahoma.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL