Dear Executive Director Williams,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Under the State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999), can any individual other than a licensedarchitect registered under this Act, or any entity other than oneholding a current certificate of authority issued by this Boardfor the practice of architecture, contract to providearchitectural services as defined by this Act, when the servicesare not incidental to the practice of architecture?
2. Under the State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999), can any individual other than a licensedlandscape architect registered under this Act, or any entityother than one holding a current certificate of authority issuedby this Board for the practice of landscape architecture,contract to provide landscape architectural services as definedby the Act, when the services are not incidental to the practiceof architecture?
¶ 1 The State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999) ("Act"), regulates architects and landscape architects "in order to safeguard life, health and property and to promote the public welfare." 59 O.S. 46.2 (1999). An "architect" is defined as "any person who engages in the practice of architecture." 59 O.S. 46.3(A) (1999).
 I.
¶ 2 Your first question asks whether an individual not licensed as an architect under the Act, or an entity other than one holding a current certificate of authority[1] under the Act, can contract to provide architectural services.
¶ 3 The "practice of architecture" is defined as:
 "Rendering or offering to render certain services, in correction with the design and construction, enlargement or alteration of a building or a group of buildings and the space surrounding such buildings, including buildings which have as their principal purpose human occupancy or habitation; the services referred to include planning, providing preliminary studies, designs, drawings, specifications and other technical submissions, the administration of construction contracts, and the coordination of any elements of technical submissions prepared by others including, as appropriate and without limitation, consulting engineers and landscape architects; provided, that the practice of architecture shall include such other professional services as may be necessary for the rendering of or offering to render architectural services."
See 59 O.S. 46.3(B) (1999).[2]
 A.
¶ 4 The Act reads in pertinent part:
 "It is unlawful for any person to practice or offer to practice architecture or landscape architecture in this state, . . . unless the person is duly licensed or exempt from licensure under The State Architectural Act."
See 59 O.S. 46.2 (1999) (emphasis added).
¶ 5 You ask whether an individual can "contract" to provide architectural services. "Every contract results from an offer and acceptance." Garrison v. Bechtel Corp., 889 P.2d 273, 281
(Okla. 1995). Only when an offer is accepted does it become a binding promise and result in a contract. See id.
¶ 6 Therefore, if a person contracts to provide architectural services, that person must have had an offer accepted. Since one cannot "offer to practice" architecture unless one is a licensed architect, no other individual can contract to provide architectural services.
 B.
¶ 7 The Act recognizes a difference between an individual and other entities, but the same rationale as above applies. If the practice of architecture is accomplished through a `partnership, firm, association, corporation, limited liability company or limited liability partnership as directors, partners, officers, shareholders, employees, managers, members or principals," that entity can practice architecture or offer to practice architecture subject to the following restrictions: (1) one or more of the "directors, partners, officers, shareholders, managers, members or principals of said partnership, firm, association, corporation, limited liability company or limited liability partnership" must be designated as being responsible for the architectural activities and decisions of the entity; (2) that person must be licensed or registered under the Act; (3) any of the personnel in the entity who act as architects must be registered under the Act; and (4) the entity must have a certificate of authority issued by the Board under the Act. 59O.S. 46.9(A) (1999).
¶ 8 A review of the wording in Section 59 O.S. 46.9(A) also defines the scope of responsibility of a licensed architect in an entity. The Act permits the practice of architecture through a "partnership, firm, association, corporation, limited liability company or limited liability partnership as directors, partners, officers, shareholders, employees, managers, members or principals," provided the architect is one of "the directors, partners, officers, shareholders, managers, members or principals." Id. A comparison between the two phrases shows the word "employee" is not one of the options defining the employment status of an architect within the entity. The term "employee" is defined as "one employed by another usually in a position below the executive level and usually for wages." Webster's Third New International Dictionary 743 (3d ed. 1993). Executive is defined as "designed or fitted for or relating to execution or carrying into effect." Id. at 794. By leaving "employee" off the list of possible offices within the contracting entity, together with the language placing responsibility for architectural activities with the architect, it seems evident the Legislature wanted the architect to be in an executive position of decision maker, not someone who must yield the decision-making responsibility for architectural services to superiors. See also OAC 55:10-13-5
(allowing certificate of authority to be issued to firms "through individual licensees" provided "at least one general partner or director is licensed to practice architecture or landscape architecture in the State of Oklahoma" and requiring the practice of architecture or landscape architecture to be "under the direct supervision" of a licensee).
¶ 9 Consequently, an entity can contract to provide architectural services if, at the time of the offer, the entity has a certificate of authority, and a licensed architect is in some executive position within the entity, with decision-making power over architectural services.
 II.
¶ 10 Your second question asks were or any entity not holding a current certificate of authority under the Act, can contract to provide landscape architectural services, when those Implicit in your question is whether a person licensed as an architect can perform services as a landscape architect if that person is not registered as a landscape architect. Also implicit is the converse of the question: whether a person licensed as a landscape architect can perform services as an architect if that person is not registered as an architect.
¶ 11 "Landscape architecture" is defined as:
 "The performance of professional services such as teaching, consultations, investigations, reconnaissance, research, planning, design, preparation of construction drawings and specifications, and construction observation in connection with the arranging of land and the elements thereon for public and private use and enjoyment, including the design and layout of roadways, service areas, parking areas, walkways, steps, ramps, pools, the location of buildings and other structures, and the grading of the land, surface and subsoil drainage, erosion control, planting, reforestation, and the preservation of the natural landscape, in accordance with accepted professional standards.
 "The practice of landscape architecture shall include the location and arrangement of such tangible objects and features as are incidental and necessary to the purpose outlined for landscape architecture in The State Architectural Act, but shall not include the design of structures or facilities with separate and self-contained purposes for habitation or industry, or the design of public streets, highways, utilities, storm and sanitary sewers and sewage treatment facilities, such as are ordinarily included in the practice of engineering or architecture."
See 59 O.S. 46.3(K) (1999).
 A.
¶ 12 As is evident from the definitions, architecture and landscape architecture deal with different subjects: while an architect is concerned with the design of buildings, a landscape architect is concerned with such things as arranging land, designing parking areas, walkways, and building locations. That the two are different areas of practice is evident from the Act itself. Cf, 59 O.S. 46.8a(A) (1999) (prohibiting unauthorized practice of architecture) and 59 O.S. 1991, 46.29 (prohibiting unauthorized practice of landscape architecture); 59 O.S.46.24(A) (1999) (qualifications to become architect) and 59O.S. 46.31(A) (1999) (qualifications to become landscape architect); 59 O.S. 46.25 (1999) (seal of architect) and 59O.S. 46.34 (1991) (seal of landscape architect). See also OAC55:10-5-7 (qualifications for architect registration); OAC55:10-5-8 (qualifications for landscape architect registration). Based on these statutes differentiating between architects and landscape architects, it is evident the Legislature intended each profession be licensed. Therefore, generally speaking, an individual who is licensed as an architect cannot perform or offer to perform landscape architectural services unless that individually also license same reasoning, an individual who is licensed as a landscape architect cannot perform or offer to perform architectural services unless that individual is also licensed as an architect.
 B.
¶ 13 The same reasoning used to answer your first question dealing with individual architects, above, applies here to your question asking whether an individual other than a licensed landscape architect can contract to provide landscape architectural services. Unless landscape architectural services are merely incidental to other services being performed, no one other than a licensed landscape architect can contract to provide landscape architectural services.
 C.
¶ 14 The same reasoning used to answer your first question dealing with entities holding certificates of authority providing architectural services applies to this question dealing with entities holding certificates of authority providing landscape architectural services. An entity can contract to provide landscape architectural services, so long as the entity at the time of the offer has a certificate of authority, and a licensed landscape architect is in some executive position within the entity, with decision-making power over the landscape architectural services.
 III.
¶ 15 There is another issue which must be addressed to fully answer both your questions. There are instances in the Act where an architect, landscape architect or other professional such as an engineer can perform services which would ordinarily fall into the definition of architectural services or landscape architectural services if those services are "incidental to" the professional's usual practice. See 59 O.S. 46.3(K) (1999) (allowing one engaged in the practice of landscape architecture to determine location and arrangement of tangible objects and features if they are "incidental and necessary" to the practice);59 O.S. 1991, 46.28(1) (allowing an architect or engineer to perform landscape architecture services "when incidental to" the performance of the architect's or engineer's normal practice);59 O.S. 46.34(4) (1991) (noting that landscape architect cannot practice architecture or engineering, "except that which is incidental to the practice of landscape architecture"). However, the term "incidental to" is not defined in the Act.
¶ 16 An entity reviewing a statute is guided by 25 O.S. 1
(1991), "which generally requires that words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears." First American Bank and Trust Co. ofPurcell v. Oklahoma Indus. Fin. Auth., 951 P.2d 625, 631-32
(Okla. 1997) (citing Fuller v. Odom, 741 P.2d 449, 452-53
(Okla. 1987)). The word "incidental" is defined as "being likely to ensue as a chance or minor consequence." Webster's Third New International Dictionary 1142 (3d ed. 1993). Here, incidental architectural or landscape architectural services are those which are likely to ensue from and are a minor consequence of the other services being performed. What constitutes a "minor consequence" allowing one kind of architect to practice services associated with the other kind of architect in the course of work is a question of fact beyond the scope of an Attorney General Opinion.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Under the State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999), a licensed architect is the only individualwho can contract to provide architectural services as defined bythe Act.
2. Under the State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999), the only entity which can contract toprovide architectural services is one which holds a currentcertificate of authority issued by the Board of Governors of theLicensed Architects and Landscape Architects for the practice ofarchitecture.
3. Under the State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999), a licensed landscape architect registeredunder the Act is the only individual who can contract to providelandscape architectural services as defined by the Act.
4. Under the State Architectural Act, 59 O.S. 46.1-59 O.S.46.37 (1991-1999), the only entity which can contract toprovide landscape architectural services is one which holds acurrent certificate of authority issued by the Board of Governorsof the Licensed Architects and Landscape Architects for thepractice of landscape architecture.
5. Architectural services can be performed by individuals orentities licensed to perform landscape architectural services oran engineer, so long as the services are incidental to theperformance of the normal practice of a landscape architect orengineer. Likewise, landscape architectural services can beperformed by individuals or entities licensed to performarchitectural services or by an engineer, so long as thelandscape architectural services are incidental to theperformance of the normal practice of an architect or engineer.See 59 O.S. 46.28 (1991); 59 O.S. 46.34(4) (1991).
6. "Incidental to," as used in 59 O.S. 46.3(K) (1999), 59O.S. 46.28(1) (1991) and 59 O.S. 46.34(4) (1991) of the StateArchitectural Act, means architectural or landscape architecturalservices which are likely to ensue from and are a minorconsequence of other work being performed. What constitutes a"minor consequence" allowing a person who is not licensed as anarchitect or a landscape architect to perform architect orlandscape architect services in the course of other work is aquestion of fact beyond the scope of an Attorney GeneralOpinion.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] "Certificate of authority" is defined in the Act as "the authorization granted by the Board for persons to practice or offer to practice architecture or landscape architecture through a partnership, firm, association, corporation, limited liability company or limited liability partnership." 59 O.S. 46.3(G) (1999). The word "entity," as used throughout this Opinion, should be construed to mean one of the organizations enumerated in this section.
[2] Your question assumes that "architectural services" as defined in the Act are actually being performed or are being contracted to be performed, and thus come under the purview of the Act and not an exception to the Act. This Opinion is being written with that assumption in mind, i.e., that there is no factual dispute whether architectural services are being performed.