1997 OK 97

**Raymond Lloyd EVANS, a minor, By and Through his mother and next of friend, Lola EVANS, Appellant,**

v.

**OAKS MISSION PUBLIC SCHOOL, and Vince Osburn, D. Holman, and Nick Durant, Appellees.**

**No. 87488.**

Supreme Court of Oklahoma.

July 8, 1997.

---

Betty Pitts–Cartwright, Jay, for Appellant.

J. Douglas Mann, C. Brett Robinson, Rosenstein, Fist & Ringold, Tulsa, for Appellees.

PER CURIAM.

¶1 A high school student, Raymond Evans, was injured during a physical education class at a public high school and he sued, by and through his mother and next friend, the school district and three teacher/coaches for actual and punitive damages under the Oklahoma Governmental Tort Claims Act (the Act). On motion of defendants, all claims against the individual teacher/coaches and the claim for punitive damages against the school district were dismissed with prejudice.

¶2 The school district then moved for summary judgment, asserting immunity under the Act, 51 O.S.1991, § 155(20). The trial court sustained the school district's motion for summary judgment and plaintiff below brought this appeal which involves only the school district.

¶3 The Court of Civil Appeals reversed the trial court, finding that a material fact question remained in controversy as to whether the school district was negligent in allowing Raymond to participate in a wrestling exercise, in view of an alleged parental and medical restriction against his participation in any sports. We have granted certiorari. The opinion of the Court of Civil Appeals is vacated and the sustention of summary judgment by the trial court in favor of the school district is affirmed.

¶4 When Raymond was a second year high school student, he suffered two shoulder separations. The first occurred during football practice in the fall, however, he returned to the team and played in their final season game. Raymond then played basketball with parental permission, and when basketball ended, he played baseball. It was during the baseball season when he was engaged in a pick-up basketball game, that he jammed his shoulder when he tripped and fell.

¶5 At the direction of his parents, Raymond was to sit out his junior year and not participate in any sports. It was anticipated that he could resume football his senior year. In his junior year, Raymond initially did not enroll in any physical education courses, however, after a few weeks he changed his schedule, dropping a course in "family living" and adding a physical education class which emphasized football-related skills and was taught by the football coach. In this physical education class, the students lifted weights four days a week, then on the fifth day, they participated in competitive sports activities. Evans' parents were aware that their son had changed his schedule and was enrolled in a physical education class taught by the football coach, in an effort to sharpen his football skills.

¶6 In December, while in this physical education class, Raymond was in a wrestling match and again dislocated his shoulder. This lawsuit resulted. The petition alleged negligence and gross negligence on the part of the school district and three of his teacher/coaches in failing to properly supervise Raymond, protect him, and in encouraging Raymond to harm himself. As stated above, the claims against the teacher/coaches and for punitive damages against the school district were dismissed with prejudice. Only the negligence claim against the school district survived.

¶7 The school district sought summary judgment asserting it was immune from lia-

bility under the Act, since the injury occurred while plaintiff, as a student, was participating in an athletic contest conducted on school property. Plaintiff opposed summary judgment on the grounds that his mother had discussed the doctor's warning with the coaches and had written a note to the school restricting him from engaging in any kind of sports activity, and argued that the school is not immune because it ignored her warning. The school district then argued that with his parents knowledge and approval, Raymond voluntarily dropped a non-physical education class to add a specific physical education class, and they were aware that the class involved some contact sports.

¶ 8 We find the case at bar is controlled by our recent decision in *Curtis v. Board of Education of Sayre Public Schools*, 914 P.2d 656 (Okl.1995), in which we construed 51 O.S. § 155(20) of the Governmental Tort Claims Act. Sec. 155(20) reads:

"EXEMPTION FROM LIABILITY

The state or a political subdivision shall not be liable if a loss or claim results from:

* * * *

20. Participation in or practice for any interscholastic or other athletic contest sponsored or conducted by or on the property of the state or a political subdivision."

¶ 9 In this case, it is unrefuted (1) that the injury, which is the basis of this lawsuit, occurred while the student was participating in a wrestling match, an athletic contest, during his physical education class, and (2) that the injury occurred on school property. In *Curtis*, we strictly construed the statute and held the school district not liable as a matter of law for the injury that student sustained while he was playing softball in a physical education class on school property. In that case, the school was alleged to have been negligent because a teacher instructed the student during a physical education class to play catcher in a softball game without furnishing a mask. The student was injured when struck in the mouth with a bat. An argument was make in *Curtis* that the school should be held liable because the student did not voluntarily participate in an extra-curricular athletic contest, but was simply obeying his teacher in a classroom setting. This court, in a divided opinion, rejected the argument and held that § 155(20) includes any participation in or practice for any athletic or sports competition, whether interscholastic or extra-curricular, if the activity is sponsored by or conducted on the property of the school, a political subdivision. We specifically held that a physical education class softball game falls within the parameters of the statute and the school is shielded from liability for losses resulting therefrom.

¶ 10 We therefore conclude summary judgment for the school district was proper because it is immune from liability pursuant to 51 O.S.1991 § 155(20), supra, and the Act is the exclusive remedy against a governmental entity in this State. *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, 452.

¶ 11 Opinion of the Court of Civil Appeals vacated and judgment of the trial court is AFFIRMED.

HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA, and WATT, JJ., concur.

KAUGER, C.J., concurs in part, dissents in part.

SUMMERS, V.C.J., dissents.

WILSON, J., not voting.