2005 OK CIV APP 10

Dennis GREEN, Individually and as father and next friend of Raymond Green, a minor, Plaintiff/Appellant,

v.

KONAWA INDEPENDENT SCHOOL DISTRICT, Defendant/Appellee.

No. 100,898.

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 19, 2004.

Certiorari Denied Jan. 18, 2005.

in the event were directed by a supervising teacher to go to a "stand" outside the track area and wait for the event to be completed. Raymond and the others went to the stand and apparently climbed to the top level. Evidentiary materials indicate that one of the students was large, weighing perhaps two hundred pounds, and that he leaned over the top rear edge of the stand, causing it to topple backwards. Raymond was injured in the ensuing fall.

¶3 Raymond's father, Plaintiff Dennis Green, filed this action against School. He claimed his son's injuries were caused by the negligence of School in failing to secure the stand and/or to properly supervise the children.

¶4 School filed a motion for summary judgment, claiming, pursuant to 51 O.S. Supp.2003 § 155(20), an exemption from liability for a loss or claim resulting from "[p]articipation in or practice for any interscholastic or other athletic contest sponsored or conducted by or on the property of the state or a political subdivision." Father responded that Raymond was not a participant in the athletic event at the time of his injury, and that the toppling of the stand was not the type of injurious occurrence for which liability was exempted under Section 155(20). The Trial Court acknowledged that "this injury involves a risk a participant would not ordinarily associate with the participation in a sport or game." However, the Trial Court ultimately agreed with School and sustained its motion for summary judgment. Father appeals.

Michael D. Lewis, Lewis, White, Porter & Merchant, Oklahoma City, OK, for Plaintiff/Appellant.

Laura L. Holmes, F. Andrew Fugitt, The Center for Education Law, Inc., Oklahoma City, OK, for Defendant/Appellee.

RONALD J. STUBBLEFIELD, Chief Judge.

¶1 This is the appeal of Plaintiff Dennis Green, individually and as father and next friend of the minor child, Raymond Green, from the grant of summary judgment in favor of Defendant Konawa Independent School District in a personal injury negligence action. The case has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S.2001, ch. 15, app. 1. Based on our review of the record on appeal and applicable law, we reverse and remand for further proceedings.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2 On May 11, 2001, Raymond Green was a fourth grader at the Konawa Elementary School. On that day he was a participant in the elementary school track meet at the track/football field facility of Konawa Schools. Raymond was a participant in the softball throw, which took place on the football field, inside the track. After he took his turn throwing the softball, he and three other students who had completed participation

## STANDARD OF REVIEW

¶5 The appellate standard of review of a trial court's grant of summary judgment is *de novo*. *Carmichael v. Beller,* 1996 OK 48, ¶2, 914 P.2d 1051, 1053. On review, this Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.* All inferences and conclusions to be drawn from the evidentiary materials will be viewed in the light most favorable to the non-moving party. *Id.* This Court will reverse the grant of summary

judgment where it appears from the evidentiary materials that the material facts concerning issues raised in the case are conflicting or, if the material facts are undisputed, reasonable persons in the exercise of fair and impartial judgment might reach different conclusions from those facts. *Buck's Sporting Goods, Inc. v. First Nat'l Bank & Trust Co.*, 1994 OK 14, ¶ 11, 868 P.2d 693, 697–98. In a summary judgment review an appellate court has the same power as the trial court to resolve disputed issues of law. *U.S. Mortgage v. Laubach*, 2003 OK 67, ¶ 31, 73 P.3d 887, 900.

## DISCUSSION OF ISSUES

■ ¶ 6 On appeal Father claims there are material facts in dispute and that School is not entitled to judgment as a matter of law. Father claims the Trial Court erred in determining that Raymond was "participating" in an athletic event, and in concluding that Section 155(20) provided an exemption from liability under the facts of this case.

¶ 7 The Trial Court cited three cases as holding that Section 155(20) is sufficiently "broad in scope" to apply to the facts of this case. The first case is *Curtis v. Board of Education of Sayre Public Schools*, 1995 OK 119, 914 P.2d 656. The injured party in that case was a 12–year–old boy who was participating in a softball game during a physical education class. He was told to play catcher, but not given a face mask. He was hit in the face with a baseball bat. The issue was whether Section 155(20) provided governmental immunity for school-sponsored athletic contests which were not interscholastic athletic contests. The Oklahoma Supreme Court held that the exemption did bar the action, because, although the law had originally only applied to injuries sustained in interscholastic contests, the legislature had amended the provision to also apply to "other athletic contest[s]." *Id.* at ¶ 9, 914 P.2d at 659.

¶ 8 The second case cited by the Trial Court is *Evans v. Oaks Mission Public School*, 1997 OK 97, 945 P.2d 492. In that case the injured party was a high school student who injured his shoulder in a wrestling match during a physical education class.

The young man had previously played in interscholastic team sports at his school, but twice injured his shoulder, once during football and the other time during baseball. At the direction of his parents, the young man was to sit out his junior year, in order to return to team sports his senior year. However, he enrolled in a physical education class with his parents' knowledge. The Oklahoma Supreme Court ruled that Section 155(20) did bar the action to recover for the child's injury, because it was unrefuted "(1) that the injury ... occurred while the student was participating in a wrestling match, an athletic contest, during his physical education class, and (2) that the injury occurred on school property." *Id.* at ¶ 9, 945 P.2d at 494.

¶ 9 The final case cited by the Trial Court is *Hull v. Wellston Independent School District*, 2002 OK CIV APP 46, 46 P.3d 180, in which this Court stated the following facts:

> In August 1998, Ty, a student at Wellston High School, suffered an intra-cerebral hemorrhage while participating in a practice football game between Wellston and Bethel High School. The game was held at the Bethel football field in Bethel, Oklahoma. Ty also suffered a broken collar bone and a punctured lung. As a result of his injuries, he became permanently disabled."

*Id.* at ¶ 2, 46 P.3d at 181. This Court held that Section 155(20) barred the action because "Ty was participating in a practice athletic contest at the time he was injured, and the contest was sponsored and conducted by School District." *Id.* at ¶ 13, 46 P.3d at 183.

¶ 10 The Trial Court found the three cases "dispositive of the issues." The problem with its legal conclusion is that none of the three cases dealt with the issue of what constitutes "participation in or practice for" an interscholastic or other athletic contest. In each of the three cited cases the injured child was clearly participating in an athletic contest on school property. However, in this case, while there is no question the injury to Raymond was sustained on school property, there is a substantial question whether Raymond was participating in or practicing for

an interscholastic or other athletic contest. We reiterate that the undisputed material facts establish that Raymond had thrown the softball in that competition, which ended his direct participation in the event and, at the direction of a school employee, had gone to the stand to wait for the other children to finish the competition.

¶ 11 School argues that one who stands and waits also participates, and that the injury to Raymond was sufficiently related to the athletic event so that the exemption of Section 155(20) applies. We might agree with this argument if there were some direct, foreseeable relationship between Raymond's injury and the athletic competition. For example, a football player standing on the sideline is certainly at risk of injury during a play which extends beyond the field of play. In this instance, if Raymond had been injured by an errantly thrown softball, then that injury would likewise be an injury foreseeable from participation in the event. But Raymond was injured, not in the athletic contest, but by an instrumentality at the school football/track field which played no part in the athletic event. Although the record contains little or no evidentiary material about the "stand," except that it was metal, the fact that a 200–pound child leaning over the back could cause it to topple tends to indicate it was a dangerous instrumentality which may have required that it be secured to the ground before it could be safely used.

¶ 12 Section 155(20) is intended to bar actions against schools for the known risks of athletic competition. Sports can provide invaluable lessons in life, including demonstration of the virtues of hard work, commitment, and teamwork. However, competitive sports also involve the well-known risk of physical injury. Section 155(20) bars liability of schools for injuries resulting from these obvious risks, and places the liability for injury upon those students who voluntarily participate in the activities, and upon parents who consent to exposure of their children to the risks.

¶ 13 In this instance, based upon the uncontroverted facts, we do not find that Section 155(20) bars this lawsuit. Raymond Green was not participating in or practicing for an athletic contest at the time he sustained an injury. In addition, the instrumentality which caused his injury was not a part of the athletic contest and did not constitute a risk incidental to the contest.

## CONCLUSION

¶ 14 We find that the lower court erred in its legal conclusion that Section 155(20) bars this action, where it was not participation in or practice for an athletic contest that caused the injury. Accordingly, the summary judgment is reversed and the case remanded for further proceedings.

¶ 15 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, P.J., and GOODMAN, J., concur.