2011 OK CIV APP 52

**Gay A. HUTTS, individually, and as Parent and Next Friend of T.A.H., a minor, Plaintiff/Appellant,**

v.

**WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT NO. 1–41 OF OKLAHOMA COUNTY, Defendant/Appellee.**

**No. 108,785.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 25, 2011.

Certiorari Denied March 28, 2011.

---

**31.** Title 74 O.S. Supp.2008 § 840–2.5.

Thomas Rowe Kendrick, Timothy L. Martin, Looney, Nichols & Johnson, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Lance C. Cook, Brock C. Bowers, Michael W. Brewer, Hiltgen & Brewer, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

DEBORAH B. BARNES, Presiding Judge.

¶ 1 Plaintiff/appellant Gay A. Hutts (Hutts), individually, and as parent and next friend of T.A.H., a minor (Student), appeals the trial court's judgment filed on September 24, 2010, granting the motion for summary judgment of defendant/appellee Western Heights Independent School District No. 1–41 of Oklahoma County (Western Heights). The issue presented on appeal concerns the following statute:

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> . . .
>
> 20. Participation in or practice for any interscholastic or other athletic contest sponsored or conducted by or on the property of the state or a political subdivision. . . .

51 O.S.2001 § 155 (20). The issue is whether participation in an activity during a weightlifting class that fulfills the physical education requirement, wherein each student attempts to lift more than he/she lifted earlier in the school year but not in competition with one another, constitutes "[p]articipation in ... any ... athletic contest" pursuant to § 155(20). We find that it does not and, therefore, we reverse the trial court's grant of summary judgment in favor of Western Heights and remand this case to the trial court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Student was injured while participating in a first-period weightlifting class that fulfilled his physical education requirement.[1] Student stated in his deposition that he did not choose to take the weightlifting class but that it was assigned to him by Western Heights.

¶ 3 Student was required to attempt a maximum lift for a weightlifting exercise known as a "squat" that would account for a portion of his overall grade. The weightlift-

---

1. This and the following facts are taken from Western Heights' "STATEMENT OF UNDISPUTED, MATERIAL FACTS" in Tab 3 of the record, and Hutts' "RESPONSE TO DEFENDANT'S AL-LEGED STATEMENT OF UNDISPUTED MATERIAL FACTS" in Tab 4 of the record, unless otherwise indicated. The facts are undisputed.

ing teacher had recorded a "max" for each student at the beginning of the nine-week grading block, and, at the end of the nine-weeks, each student was expected to increase his/her maximum lift. Student was injured when he collapsed while attempting a maximum squat at the end of a nine-week grading block. Although Student was attempting to squat 240 pounds to exceed his own previous maximum lift in order to "make sure to pass the class," [2] he was neither competing against other students nor practicing for a future competition against other students.[3]

¶ 4 Student's parent, Hutts, brought a negligence action against Western Heights pursuant to the Oklahoma Governmental Tort Claims Act.[4] On May 19, 2010, Western Heights filed a motion for summary judgment which the trial court granted in a Journal Entry of Judgment filed on September 24, 2010. From the Journal Entry of Judgment, Hutts appeals.

## STANDARD OF REVIEW

¶ 5 The appellate standard of review of a trial court's grant of summary judgment is *de novo. Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On review, this Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.* All inferences and conclusions to be drawn from the evidentiary materials will be viewed in the light most favorable to the non-moving party. *Id.* This Court will reverse the grant of summary judgment where it appears from the evidentiary materials that the material facts concerning issues raised in the case are conflicting or, if the material facts are undisputed, reasonable persons in the exercise of fair and impartial judgment might reach different conclusions

from those facts. *Buck's Sporting Goods, Inc. v. First National Bank & Trust Company of Tulsa,* 1994 OK 14, ¶ 11, 868 P.2d 693, 697–98. This Court will affirm the grant of summary judgment only where one party is entitled to judgment as a matter of law because there are no material disputed factual questions. *Carmichael* at ¶ 2, 914 at 1053.

## ANALYSIS

¶ 6 In determining whether Student's attempt to squat an increased amount of weight during his weightlifting class constitutes "[p]articipation in ... any interscholastic or other athletic contest," we are guided by two Oklahoma Supreme Court decisions. In *Curtis v. Board of Education of Sayre Public Schools,* 1995 OK 119, 914 P.2d 656, the injured party was a 12–year–old boy who was participating in a softball game during a physical education class. He was instructed by his teacher to play the position of catcher, but he was not provided with a catcher's mask. He was injured thereafter when he was hit in the mouth by a baseball bat.

¶ 7 The issue presented to the Oklahoma Supreme Court was whether § 155(20) provided governmental immunity for school-sponsored athletic contests which were not interscholastic athletic contests. The Court held that the exemption *did* bar the action, because, although the law had originally only applied to injuries sustained in interscholastic contests (such as between two high school football teams), the legislature had amended the provision to apply also to "other athletic contest[s]." *Id.* at ¶ 9, 914 P.2d at 659.[5] The Court held that § 155(20) "encompasses participation in or practice for any athletic or sports *competition* where participants strive for superiority or victory, whether interscholastic or not, sponsored or conducted by or

2. Deposition of Student, p. 45.

3. *See* Deposition of Student, p. 32 (according to Student, he was taking the weightlifting class only for the purpose of fulfilling the physical education requirement); Deposition of Marcus L. Knight (the weightlifting teacher), pp. 36–37 (responded in the negative when asked whether the class was "for competition" or "for practice for any other sport"); Deposition of Jean M. Adams (principal of Western Heights), pp. 77–78 (when asked whether Student was participating in the weightlifting class as practice for another sport, Adams responded, "Not that I'm aware of.").

4. Title 51 O.S.2001 §§ 151–200, and amendments thereto. Hutts filed his petition naming Western Heights as the defendant on April 3, 2008.

5. The Court noted that "[s]tudents frequently suffer minor injuries from participation in athletic activity, while they seldom get hurt in their history or math classes. It appears that the legislature decided to change the degree of insulation granted to schools in the area of athletic activity...." *Id.* at n. 3.

on the property of the state or political subdivision." *Id.* at ¶ 13, 914 P.2d at 660 (emphasis added). Importantly, the Court adopted the following definitions:

The word "athletic" is defined as "[o]f, pertaining to, or befitting athletics or athletes." *The American Heritage Dictionary* [2nd College ed.1985] at 138. "Athletics" is defined as "[a]thletic activities, as competitive sports" or "[t]he principles or system of athletic exercises and training," while the word "athlete" is primarily defined as "[o]ne who takes part in competitive sports." *Id.* The word "contest" is defined as "[a] struggle for superiority or victory between rivals" or "[a] competition . . . ." *Id.* at 316.

*Id.* at ¶ 12, 914 P.2d at 659. The Court then stated:

Applying the above definitions to the facts of this case, we conclude that the phrase "athletic contest" is sufficiently broad to encompass a physical education class softball game. Clearly, softball is a competitive sport where participant/team members strive to defeat an opposing team.

*Id.*

¶ 8 In *Evans v. Oaks Mission Public School,* 1997 OK 97, 945 P.2d 492, the injured party was a high school student who injured his shoulder in a wrestling match during a physical education class. The student had previously played in interscholastic team sports at his school, but twice injured his shoulder, once during football practice and the other time during a pick-up basketball game. At the direction of his parents, the young man was to "sit out" his junior year in order to return to team sports his senior year. However, he enrolled in a physical education class with his parents' knowledge. The Oklahoma Supreme Court found that the case was controlled by *Curtis.* The Court ruled that § 155(20) *did* bar the action to recover for the student's injury because it was unrefuted "(1) that the injury . . . occurred while the student was participating in a wrestling match, an athletic contest, during his physical education class, and (2) that the injury occurred on school property." *Id.* at ¶ 9, 945 P.2d at 494.

¶ 9 As in *Curtis* and *Evans,* Student was injured during a physical education (i.e., weightlifting) class, and the injury occurred on school property. However, we must determine whether the athletic activity Student was participating in at the time of his injury constitutes an "athletic contest" pursuant to § 155(20). Hutts argues that because Student was not participating in (or practicing for) an athletic competition with opposing sides or teams striving for victory over one another, such as wrestling (as in *Evans* ) or softball (as in *Curtis* ), that Student was not participating in any "athletic contest" pursuant to § 155(20). We agree.

¶ 10 Student was not striving for victory or superiority over another classmate or classmates as in wrestling or softball, Student was not participating as part of a "powerlifting" team, and Student was not practicing for any future athletic competition. Instead, Student was attempting to increase his personal "maximum lift." As quoted above, the Oklahoma Supreme Court in *Curtis* adopted a definition of "contest" requiring "[a] struggle for superiority or victory *between rivals* " or "[a] *competition* . . . ." *Curtis* at ¶ 12, 914 P.2d at 659 (emphasis added). Pursuant to this definition, the Court concluded that participation in a game of softball constitutes participation in an athletic contest because "softball is a competitive sport where participant/team members strive to defeat an opposing team." *Id.*

¶ 11 Although Student was participating in a weightlifting exercise wherein he and his fellow students were striving to exceed past performances to attain new and superior *personal* bests, there was no competition between the students as occurred in *Evans* (wrestling) and *Curtis* (softball). Moreover, although § 155(20) applies where a student is "practic[ing] for" an "athletic contest," it is undisputed that Student was not doing so.[6] Therefore, we are constrained to find that Student was not practicing for or participating in an "athletic contest" as that term is defined in *Curtis,* and as it is applied in both *Curtis* and *Evans.* We decline to broaden the scope of § 155(20) beyond that delineated by the Oklahoma Supreme Court.

---

**6.** We note that § 155(20) may apply where a student participates in identical activity but for a

different purpose—i.e., where a student participates in a weightlifting class as "practice for" an

## CONCLUSION

¶ 12 The Governmental Tort Claims Act (51 O.S.2001 §§ 151–200, and amendments thereto) is the exclusive remedy against a governmental entity in Oklahoma. *Fuller v. Odom,* 1987 OK 64, ¶ 4, 741 P.2d 449, 452.[7] We reverse the trial court's grant of summary judgment in favor of Western Heights, however, because Western Heights is not shielded from liability pursuant to *51 O.S. 2001 § 155* (20). Student was not participating in or practicing for an "athletic contest," which the Oklahoma Supreme Court has defined as athletic activity involving a competition or a "struggle for superiority or victory *between rivals.*" *Curtis* at ¶ 12, 914 P.2d at 659 (emphasis added). We remand this case to the trial court for further proceedings.

¶ 13 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, J., and FISCHER, J., concur.

"athletic contest"—even though that activity does not, by itself, constitute an "athletic contest." *See* 51 O.S.2001 § 155(20).

7. The only recovery available in tort against a political subdivision must be found within the boundaries defined by the Governmental Tort Claims Act. *Curtis* at ¶ 4, 914 P.2d at 658.